PER CURIAM.
Humphry appeals his judgment and sentence assigning four points as error. We affirm in part and reverse in part.
We affirm on the appellant’s first two interrelated points since the trial court had before it competent substantial evidence to find that appellant was not “incompetent” within the meaning of Florida Rule of Criminal Procedure 3.210(b). See Walker v. State, 384 So.2d 730 (Fla. 4th DCA 1980); Green v. State, 377 So.2d 193 (Fla.3d DCA 1979). Therefore, the trial court did not err by refusing to grant the appellant’s motion which requested that the trial court appoint at least two experts to determine appellant’s competency to stand trial pursuant to Rule 3.210(b).
However, we agree with appellant’s contentions raised in points III and IV that the trial court erred in sentencing the appellant. The appellant was convicted of three felonies: robbery with a firearm, and two counts of attempted first degree murder. A 30-year sentence for the robbery conviction was imposed upon him, and jurisdiction over one-third of the sentence was retained without the trial court specifying any reasons for so doing. Reasons must be articulated by a trial court once it has decided to retain jurisdiction. Moore v. State, 392 So.2d 277 (Fla. 5th DCA 1980); *1324 Arnett v. State, 397 So.2d 330 (Fla. 1st DCA 1981).[1]
The trial court also erred by sentencing the appellant as an adult on all three convictions even though the record established that the appellant met all of the requirements of the Youthful Offender Act, Section 958.04(2), Florida Statutes (1979). The record reveals that the appellant was first adjudicated guilty on all three felonies and then sentenced for each felony at the same proceeding. Therefore, the appellant should have been sentenced as a youthful offender on the first sentence imposed and then sentenced as an adult on the other two convictions. Abram v. State, no. TT-193 (Fla. 1st DCA, April 14, 1981) [1981 FLW 879].
However, as in Abram, we certify the following question to the Supreme Court of the State of Florida as one of great public interest:
Is a person excluded from a mandatory classification under Section 958.04(2)(a), Florida Statutes (Supp.1978), when prior to sentencing the offender has been found guilty of a qualifying felony under the act and has simultaneously been found guilty of other felonies?
This case is reversed and remanded for the trial court to resentence the appellant in a manner consistent with this opinion.
MILLS, ERVIN and LARRY G. SMITH, JJ., concur.

. Although this issue was not ruled on by the lower court, and normally the error should be corrected pursuant to Florida Rule of Criminal Procedure 3.850, see Sawyer v. State, 401 So.2d 939 (Fla. 1st DCA 1981), we allow for its correction on direct appeal as the cause must be remanded for resentencing in accordance with the Youthful Offender Act.