429 So.2d 1256 (1983)
Larry Ray McCOY, Appellant,
v.
STATE of Florida, Appellee.
No. AI-247.
District Court of Appeal of Florida, First District.
March 31, 1983.
Rehearing Denied May 4, 1983.
*1257 Michael Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Kathryn L. Sands, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Pursuant to the jury's verdict, McCoy was convicted of two counts of third degree murder, he having been tried on charges of first degree murder.
The first issue raised by McCoy deals with the testimony of Detective Pruett, which McCoy claims amounted to an impermissible comment on his exercise of his Fifth Amendment right to remain silent. On direct examination by the prosecutor, Detective Pruett described his questioning of McCoy in an interview room at the Sheriff's Office during the early morning hours two days after the homicides. Pruett fully advised McCoy of his constitutional rights after which McCoy signed a "waiver of rights" form. Pruett testified concerning the oral incriminating statement made by McCoy. He then testified as follows:
Q. Detective Pruett, did you reduce this to writing?
A. No sir, I did not.
Q. Why didn't you?
A. I asked Mr. McCoy if he could put this in writing and he stated that he did not want to sign anything.
Defense counsel then objected and moved for a mistrial, which motion was denied. The defendant argues that Pruett's testimony was violative of his Fifth Amendment right to remain silent. We disagree with this contention.
The defendant freely and voluntarily discussed with the detective the events surrounding the homicides. At no time did the detective testify that McCoy refused to make any further statements. In fact, for aught that appears from the record, McCoy may have been perfectly willing to continue making oral statements. The detective's inquiry of McCoy as to whether he would put his statement in writing was a most reasonable request.
The accuracy and integrity of oral incriminating statements are frequent targets of defense counsel who often suggest the unfairness of the use of oral statements of an accused who has not been afforded the opportunity to put his statement in writing. It is only reasonable that the State be permitted to elicit the fact that the accused was given that opportunity and declined.
The defendant cites the line of cases exemplified by Lucas v. State, 335 So.2d 566 (Fla. 1st DCA 1976), which teach that it is a Fifth Amendment encroachment for a police officer to testify that the accused, after having freely discussed the case with him, refused to give any further statements. The situation in the case sub judice is patently distinguishable and does not offend the Fifth Amendment.
The defendant's reliance upon Bennett v. State, 316 So.2d 41 (Fla. 1975), is also misplaced. *1258 There, the Supreme Court held that a defendant was entitled to a mistrial after an investigator testified that the accused refused to sign a written waiver of Miranda rights form. The testimony of the officer in Bennett is illuminating:
[A]t that point Sergeant Pakorny advised him of his rights and then we filled out a waiver form after we advised him of his rights and Mr. Bennett refused to sign the waiver, which would not permit us .
[316 So.2d at 43.] It is significant that in Bennett, there was neither evidence of an oral waiver of rights nor evidence that the defendant gave a free and voluntary statement, oral or written. Under those circumstances, of course it was offensive to the Fifth Amendment for the officer to gratuitously remark that Bennett refused to sign a waiver of his constitutional rights.
To suggest that Detective Pruett's testimony in the case sub judice offends the Fifth Amendment is to suggest an expansion of the construction of the Fifth Amendment to an illogical and unreasonable extent. We decline to do so.
McCoy also attacks the sentences imposed by the trial judge who retained jurisdiction pursuant to Section 947.16(3), Florida Statutes, and imposed extended terms under Section 775.084, Florida Statutes, the Habitual Offender Act. McCoy claims that the trial judge failed to state his justification therefor with the requisite particularity. See Section 947.16(3)(a), Florida Statutes; Eutsey v. State, 383 So.2d 219, 226 (1980). Since this issue was not raised and ruled upon in the trial court, we would normally require that the defendant raise such issues via a motion in the trial court pursuant to Fla.R.Crim.P. 3.850. See Sawyer v. State, 401 So.2d 939 (Fla. 1st DCA 1981), and Humphry v. State, 402 So.2d 1322 (Fla. 1st DCA 1981). However, inasmuch as such issues have been fully briefed herein and considered by us and we have found that the trial judge stated his justification with sufficient particularity, we shall, in the interest of finality, entertain such issue and reject the defendant's argument.
The judgments and sentences appealed from are AFFIRMED.
BOOTH and WIGGINTON, JJ., concur.