465 So.2d 1334 (1985)
Shaun COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. 84-844.
District Court of Appeal of Florida, Fourth District.
March 20, 1985.
*1335 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James P. McLane, Asst. Atty. Gen., West Palm Beach, for appellee.

ON REHEARING
HERSEY, Judge.
Shaun Cooper appeals his sentence which classified and punished him as a youthful offender pursuant to section 958.04, Florida Statutes (1983), following a plea of guilty to one count of armed burglary and two counts of grand theft.
Appellant maintains that the sentence is rendered illegal for failure of the trial court to explicate the factors justifying the imposition of adult sanctions pursuant to the requirements imposed by sections 39.111(6)(c) and (d), Florida Statutes (1983).
The state counters that (1) there can be no appeal following a plea of guilty in any event, and (2) sentencing as a youthful offender does not constitute the imposition of adult sanctions.
We treat the substantive issue first and then the procedural question.
There is generally a clear and distinct line of demarcation between cases dealing with juvenile delinquents and those involving adult criminals. Somewhere between the two falls the status of "youthful offender," specially created by chapter 958, Florida Statutes. We have not been directed to a case which clearly responds to our inquiry, but the following appear to make a distinction between sentencing as a youthful offender and sentencing as an adult: Humphry v. State, 402 So.2d 1322 (Fla. 1st DCA); vacated in part, 408 So.2d 222 (Fla. 1981); Kirkwood v. State, 426 So.2d 68 (Fla. 1st DCA 1983); Nairn v. State, 417 So.2d 1092 (Fla. 3d DCA 1982); Whitlock v. State, 404 So.2d 795 (Fla. 3d DCA 1981); State v. Owens, 395 So.2d 1215 (Fla. 4th DCA 1981); Postell v. State, 383 So.2d 1159 (Fla. 3d DCA 1980); and Skinner v. State, 383 So.2d 767 (Fla. 3d DCA 1980). However, as appellant's counsel points out, "Section 39.111(6) contains only two classes of sanction, juvenile and adult... ." Subsection (e) states: "If the court determines not to impose adult sanctions, then the court must next determine what juvenile sanctions it will impose." Since the statute makes no provision for a category between the two into which the youthful offender would properly fit, it is necessary  at least for the purpose of determining the applicability of this statute  to classify sentencing as a youthful offender as either a juvenile or an adult sanction.
In Schroeder v. State, 391 So.2d 260 (Fla. 4th DCA 1980), this court found section 39.111(6)(c) applicable where defendant was sentenced as a youthful offender and further indicated that it considered the sentence to constitute the imposition of an *1336 adult sanction. In Goodson v. State, 392 So.2d 1335, 1336 (Fla. 1st DCA 1980), aff'd, 403 So.2d 1337 (Fla. 1981), the first district stated:
We note that recognizing youthful offender sentencing as an adult sanction is implicit in State v. Cain, 381 So.2d 1361 (Fla. 1980), a consolidated case concerning transfers for adult prosecution pursuant to informations filed by the state attorney. The court explained:
[E]ven when a juvenile is convicted in adult court he is still given special treatment as a juvenile. Before imposing judgment, the trial court must conduct a disposition hearing to determine whether juvenile or adult sanctions are appropriate. § 39.02(6), Fla. Stat. (Supp. 1978) ... [I]f adult sanctions are imposed against a juvenile, he may still enjoy the benefit of the youthful offender act under chapter 958 of the Florida Statutes. 381 So.2d at 1367.
See also Crosby v. State, 429 So.2d 421 (Fla. 1st DCA 1983); Pimentel v. State, 442 So.2d 228 (Fla. 3d DCA 1983), rev. denied, 450 So.2d 488 (Fla. 1984). Further, a defendant sentenced as a youthful offender who receives prison time is incarcerated in an adult prison. Therefore, as a practical matter, it seems more reasonable to consider the sentence to be an adult, rather than a juvenile, sanction where one of the two options must be selected. We so hold.
Section 39.111(6)(c) provides that the trial court must determine the "[s]uitability or nonsuitability for adult sanctions ... by reference to" the following criteria:
1. The seriousness of the offense to the community and whether the protection of the community requires adult disposition.
2. Whether the offense was committed in an aggressive, violent, premeditated, or willful manner.
3. Whether the offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted.
4. The sophistication and maturity of the child, as determined by consideration of his home, environmental situation, emotional attitude, and pattern of living.
5. The record and previous history of the child, including:
a. Previous contacts with the department, the Department of Corrections, other law enforcement agencies, and courts,
b. Prior periods of probation or community control,
c. Prior adjudications that the child committed a violation of law, and
d. Prior commitments to institutions.
6. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child if he is assigned to juvenile services and facilities.
These criteria were brought up and considered at the sentencing hearing and the trial judge was given a copy of the statute; therefore, it appears that adequate reference was made to them in determining the suitability of sentencing as a youthful offender. There is, however, no indication that the trial court complied with section 39.111(6)(d), which provides:
(d) Any decision to impose adult sanctions shall be in writing, and it shall be in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions. Such order shall be reviewable on appeal by the child pursuant to s. 39.14.
Although the transcript itself may satisfy the requirement of a writing, Pimentel, 442 So.2d at 228, there is no indication in the instant case that the trial judge made specific findings of fact in conformity with the criteria listed in subsection (6)(c). Cf. Schroeder, 391 So.2d at 261 (order sufficient which specifically addressed each of the six criteria). Therefore, the sentence must be vacated.
The state has suggested, first by motion to dismiss and then in its brief on the merits, that no right of appeal exists *1337 upon a plea of guilty. This is only a partially correct view of the law. It is generally held that a plea of guilty waives the right to appeal a judgment of conviction, and this would appear to be so regardless of sections 39.111(6)(j) and 39.14, Florida Statutes (1983), which specifically confer a right of appeal. However, the waiver effected by a guilty plea does not extend to the sentencing phase of proceedings in the trial court (unless it is specifically included in a plea bargain). Thus, it is always possible to reach the issue of an illegal sentence by way of collateral attack under rule 3.850, Florida Rules of Criminal Procedure, by direct attack upon appeal, or by exceptional writ, depending upon the circumstances. See, e.g., Dixon v. State, 451 So.2d 485 (Fla. 3d DCA 1984).
Thus, recognizing appellant's right to appeal, we vacate the sentence and remand for resentencing pursuant to section 39.111(6), Florida Statutes. Sawyer v. State, 421 So.2d 4 (Fla. 3d DCA 1982).
REVERSED AND REMANDED.
LETTS and GLICKSTEIN, JJ., concur.