542 So.2d 440 (1989)
Michael Arthur KEITH, Appellant,
v.
STATE of Florida, Appellee.
No. 88-935.
District Court of Appeal of Florida, Fifth District.
April 27, 1989.
*441 James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
DANIEL, Judge.
Defendant Michael Arthur Keith, a juvenile, has taken this appeal from his judgment and sentence of six years imprisonment imposed by the trial court after defendant pleaded guilty to committing the offense of robbery, section 812.13(2)(c), Florida Statutes (1987). Defendant contends that it was error for the trial court to impose adult criminal sanctions upon him because the trial court failed to comply with the provision set forth in section 39.111(7)(d), Florida Statutes (1987). We agree and reverse.
Section 39.111(7)(d), Florida Statutes (1987) authorizes the imposition of adult criminal sanctions upon a convicted juvenile provided that the trial court sets forth in writing "a specific finding of fact and the reasons for the decision to impose adult sanctions." Absent waiver by the juvenile, the trial court must strictly comply with the terms of the statute. State v. Rhoden, 448 So.2d 1013 (Fla. 1984). See also See Johnson v. State, 508 So.2d 526 (Fla. 5th DCA 1987); Grandison v. State, 506 So.2d 74 (Fla. 5th DCA 1987); Posey v. State, 501 So.2d 192 (Fla. 5th DCA 1987).
In this case, the trial court entered into the record an order entitled "Determination of the Suitability of Imposing Adult Sanctions" which set forth a checklist indicating that the court had considered the six criteria provided in paragraph (7)(c) of the statute. Although this order states that "the reasons for each finding have been stated in the record," the transcript of defendant's sentencing hearing reveals that the only comment made by the trial court concerning the defendant was:
"We can't make you mature. Apparently there's nothing we can do to keep you from committing crimes so all we can try to do is protect society from you as much as we can."
While the entry of this order satisfies the requirement of section 39.111(7)(c), it does not satisfy the requirement set forth in section 39.111(7)(d) that the court must "render a specific finding of fact and the reasons for the decision to impose adult sanctions." Accordingly, we affirm defendant's conviction but vacate his sentence and remand this cause to the trial court for resentencing in accordance with the statute.
Judgment AFFIRMED; sentence VACATED; cause REMANDED.
SHARP, C.J., and GOSHORN, J., concur.