543 So.2d 419 (1989)
Shawn C. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 88-732.
District Court of Appeal of Florida, Fifth District.
May 18, 1989.
James B. Gibson, Public Defender and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Laura Ann Griffin, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
This is an appeal from a judgment and sentence. Finding no error in the convictions, the judgment is affirmed. We vacate the sentence, however, because in imposing adult sanctions upon this juvenile defendant, the trial court failed to comply with the requirements of section 39.111(7)(d) which, in referring to the statutory criteria for sentencing set forth in section 39.111(7)(c), provides:
Any decision to impose adult sanctions shall be in writing, and it shall be in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions. Such order shall be reviewable on appeal by the child pursuant to s. 39.14.
Attention to these criteria and guidelines is made mandatory by section 39.111(7)(j).
The trial court received evidence on the various criteria outlined in section 39.111(7)(c), *420 but made no findings of fact as to these criteria, as required by section 39.111(7)(d). Instead, the trial court used a checklist on which were listed, among other things, the statutory criteria, next to each of which was a blank space on which the judge could enter a mark indicating consideration of that item. The problem is that the checklist reflects only conclusions, whereas the statute requires written findings of fact to support those conclusions. The use of the checklist alone does not comply with the statute. To comply with the statute, there must be specific findings of fact, based on the record in each case, which apply to the specific defendant being sentenced. See Keith v. State, 542 So.2d 440 (Fla. 5th DCA 1989) (use of a checklist alone, without specific findings of fact, does not fulfill the statutory requirements of section 39.111(7)(d)). No such findings appear here. A sentence which imposes adult sanctions on a juvenile defendant must be reversed where findings of fact addressed to the statutory criteria have not been made. Posey v. State, 501 So.2d 192 (Fla. 5th DCA 1987).
We therefore vacate the sentence and remand the case to the trial court for resentencing.
Judgment of conviction AFFIRMED. Sentence VACATED and REMANDED.
DAUKSCH and GOSHORN, JJ., concur.