545 So.2d 520 (1989)
Robert M. LEACH, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1173.
District Court of Appeal of Florida, Fifth District.
July 6, 1989.
*521 James B. Gibson, Public Defender, and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Laura Griffin, Asst. Atty. Gen., Daytona Beach, for appellee.
DANIEL, Chief Judge.
The defendant appeals his judgments and sentences for twenty offenses of burglary, attempted burglary and grand theft. The defendant was a juvenile when he committed the offenses but was sentenced as an adult to a combination of community control and probation. Pursuant to section 39.111, Florida Statutes (1987), the trial judge entered an order determining the suitability of adult sanctions. The order tracks the statutory criteria of section 39.111(7)(c) but does not contain specific findings of fact relating to this particular defendant as to each of the statutory criteria. We have previously held that such an order does not satisfy the requirements set forth in section 39.111(7)(d) that the trial court must "render a specific finding of fact and the reasons for the decision to impose adult sanctions." See Smith v. State, 543 So.2d 419 (Fla. 5th DCA 1989); Keith v. State, 542 So.2d 440 (Fla. 5th DCA 1989). See also Hammonds v. State, 543 So.2d 337 (Fla. 4th DCA 1989). Accordingly, we affirm the defendant's convictions but vacate his sentences and remand this cause to the trial court for resentencing in accordance with the statute.
Judgments AFFIRMED; sentences VACATED; cause REMANDED.
DAUKSCH and COBB, JJ., concur.