BARFIELD, Judge.
Because the trial court’s “checklist” order finding that adult sanctions should be imposed did not comply with the statutory requirements of section 39.111(7)(d), Florida Statutes (1989), we reverse the sentence and remand for resentencing in accordance with that statute. Leach v. State, 545 So.2d 520 (Fla. 5th DCA 1989); Smith v. State, 543 So.2d 419 (Fla. 5th DCA 1989); Keith v. State, 542 So.2d 440 (Fla. 5th DCA 1989).
While we are bound by Poore v. State, 531 So.2d 161 (Fla.1988), to uphold the legality of the probationary split sentence imposed in this case, we certify to the Florida Supreme Court, as a matter of great public importance, the question which was also certified in Glass v. State, 556 So.2d 465 (Fla. 1st DCA 1990):
Does a double jeopardy violation result from the imposition of a probationary split sentence when the legislature has not explicitly authorized that disposition in the sentencing alternatives of section 921.187, Florida Statutes?
ERVIN and BOOTH, JJ., concur.