571 So.2d 83 (1990)
Kyle Richard TIGHE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2056.
District Court of Appeal of Florida, Fifth District.
December 13, 1990.
James B. Gibson, Public Defender, and Michele A. Lucas, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca R. Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
The appellant, a juvenile offender who was sentenced as an adult for a variety of offenses, contends that the trial court failed to enter adequate written findings to support the imposition of adult sanctions. We agree and remand with opportunity to the trial court to enter adequate written findings.
Before sentencing a juvenile to adult sanctions, a trial court must hold a disposition hearing at which, among other things, the court must determine the suitability of the child for adult sanctions by using specific criteria listed in section 39.111(7)(c), Florida Statutes (1987). Section 39.111(7)(d) requires that any decision to impose adult sanctions must be in writing and in conformity with each of the criteria listed in the statute; the trial court must render a specific finding of fact and the reasons for the decision to impose adult sanctions.
This court has held that all the criteria must be specifically considered and findings stated. Posey v. State, 501 So.2d 192 (Fla. 5th DCA 1987). See also Keith v. State, 542 So.2d 440 (Fla. 5th DCA 1989), in which it was held that absent waiver by the juvenile, a trial court must comply strictly with the terms of section 39.111(7)(d). Simply checking off a checklist of the criteria to indicate that they have been considered, or merely tracking the criteria, is not enough. Lang v. State, 566 So.2d 1354 (Fla. 5th DCA 1990); Keith; Smith v. State, 543 So.2d 419 (Fla. 5th DCA 1989); Murphy v. State, 546 So.2d 1157 (Fla. 5th *84 DCA 1989); Leach v. State, 545 So.2d 520 (Fla. 5th DCA 1989).
In the case before us, the record does not reveal that the trial court made any written findings of fact in compliance with the statute. While it has been stated in Lang, Pimentel v. State, 442 So.2d 228 (Fla. 3d DCA 1983), rev. denied, 450 So.2d 488 (Fla. 1984), Cooper v. State, 465 So.2d 1334 (Fla. 4th DCA 1985), and Martin v. State, 547 So.2d 998 (Fla. 1st DCA 1989), that a transcript which is made part of the appellate record can satisfy section 39.111(7)(d) if it contains the requisite findings of fact and reasons for the decision to impose adult sanctions, the trial court in the instant case did not make any such organized and specific oral findings of fact on the record.
Because the trial court did not present us with the requisite factual findings, we remand in order to give it the opportunity to do so, if the basis for such findings exists, prior to resentencing. Keith; Leach. In the absence of such findings, the trial court must treat the appellant as a juvenile.
The parties agree that the trial court erred under Florida law in imposing costs without prior notice and an opportunity to be heard. We therefore strike those portions of the orders imposing costs. See Jenkins v. State, 444 So.2d 947 (Fla. 1984), and Camp v. State, 536 So.2d 369 (Fla. 5th DCA 1988).
Costs STRICKEN. Convictions AFFIRMED. Sentences VACATED and cause REMANDED with opportunity to the trial court to make adequate written findings of fact and reasons to support imposition of adult sanctions.
GOSHORN, J., concurs.
DAUKSCH, J., concurs and dissents with opinion.
DAUKSCH, Judge, concurring and dissenting.
I concur with the majority in all aspects except the final disposition.
It is my opinion we should apply the rule in Pope v. State, 561 So.2d 554 (Fla. 1990) and remand this matter to the trial court with instructions to impose juvenile sanctions. It seems to me that this case and Pope are analogous and the same potential problems mentioned in Pope could arise in situations like this case.