677 So.2d 1366 (1996)
Chauncey L. DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0231.
District Court of Appeal of Florida, Fourth District.
August 14, 1996.
*1367 Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee; and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, Judge.
We reverse the sentence entered below for the following reasons.
(1) Appellant's aggregate 54 month youthful offender sentence exceeded the maximum recommended range established by the statewide sentencing guidelines. The trial court gave no written reasons to justify a departure. § 958.04(3), Fla. Stat. (1995). The record does not indicate that the trial judge knew he was departing from the guidelines. On resentencing, the trial court may determine if departure is appropriate and, if so, explain in writing the reasons for the departure. State v. Betancourt, 552 So.2d 1107 (Fla.1989).
(2) As both sides agree, the judgment incorrectly designates the attempted robbery conviction as a second degree felony, instead of a third degree felony. Upon remand, an amended judgment shall be entered reflecting the correction.
(3) The written order of community control requires appellant to submit to random urinalysis, breath and blood testing. At sentencing, the court orally imposed only the condition that appellant submit to random urinalysis. The written order of community control must conform to the oral pronouncements at the sentencing hearing. Allen v. State, 640 So.2d 1198 (Fla. 4th DCA 1994).
(4) The trial judge imposed sentence on the two counts of the information, stating that the sentences were to run concurrently. The written sentences entered do not indicate that one sentence shall run concurrently with the other. The written sentence must conform to the court's oral pronouncement of sentence. Bogan v. State, 462 So.2d 115 (Fla. 2d DCA 1985).
(5) The record does not demonstrate that there was notice before the sentencing hearing of the state's intent to seek $50 costs of prosecution pursuant to section 939.01, Florida Statutes (1995). Cathcart v. State, 643 So.2d 702, 703 (Fla. 4th DCA 1994), review denied, 651 So.2d 1192 (Fla.1995); Cf. Norman v. State, 676 So.2d 7 (Fla. 4th DCA 1996). On remand, the state may seek the costs at a properly noticed hearing pursuant to section 939.01.
We find no reversible error as to the other points raised.
Appellant contends that the decision to impose the youthful offender sentence had to be in writing, as opposed to the court's oral pronouncement at the sentencing hearing. We hold that the 1994 amendments to section 39.059 eliminated the requirement of subsection (7)(d) that a decision to impose a youthful offender sanction be in writing.
Appellant was sentenced as a youthful offender on January 3, 1995. The 1994 amendments to section 39.059, Florida Statutes (Supp.1994), controlled at the time of sentencing. Lutz v. State, 664 So.2d 1060 (Fla. 4th DCA 1995). Prior to the amendments, section 39.059 made no provision for a separate category of sanction into which a youthful offender would fit; sentencing was classified as either a juvenile or an adult sanction. § 39.059(7)(c) & (e), Fla. Stat. (1993); see Cooper v. State, 465 So.2d 1334, 1335 (Fla. 4th DCA 1985)[1]. Because there were only two options, this court classified a youthful offender sentence as an adult sanction. Cooper, 465 So.2d at 1336; see also Crain v. State, 653 So.2d 442 (Fla. 2d DCA), review denied, 658 So.2d 990 (Fla.1995). Courts strictly enforced the legislative mandate that the decision to impose adult sanctions be in *1368 writing with specific findings of fact. See Troutman v. State, 630 So.2d 528, 531-32 (Fla.1993); § 39.059(7)(d), Fla. Stat. (1993).
The legislature amended section 39.059 in 1994. Ch. 94-209, § 51, Laws of Fla.. One significant change was a correction of the situation we noted in Cooper; instead of only two classes of disposition, adult and juvenile, the amended statute clearly delineates threejuvenile, youthful offender and adult. Section 39.059(7)(a) now provides that at a sentencing hearing, the court shall consider "the suitability of the offender for disposition as an adult, a juvenile, or a youthful offender." § 39.059(7)(a), Fla. Stat. (Supp. 1994) (emphasis supplied). Section 39.059(7)(c) requires the court to consider specified criteria in "determining whether to impose youthful offender or juvenile sanctions instead of adult sanctions" § 39.059(7)(c), Fla. Stat. (Supp.1994)(Emphasis supplied). The previous version of subsection (7)(c) provided only that "[s]uitability or nonsuitability of adult sanctions shall be determined ... before any other determination of disposition." § 39.059(7)(c), Fla. Stat. (1993). Section 39.059(7)(e) now states:
If the court determines not to impose youthful offender or adult sanctions, the court may order disposition pursuant to s. 39.054 as an alternative to youthful offender or adult sentencing.
As we observed in Cooper, before the amendments, subsection (7)(e) identified only two classes of sanctions: "If the court determines not to impose adult sanctions, then the court must next determine what juvenile sanctions it will impose." See Cooper, 465 So.2d at 1335. Taken together, these 1994 changes evidence the legislative intent to create a youthful offender sentencing classification, apart from adult or juvenile groupings. The 1994 amendments to section 39.059 eliminated the statutory rationale for our decision in Cooper.
Section 39.059(7)(d) requires that "[a]ny decision to impose adult sanctions must be in writing." § 39.059(7)(d), Fla. Stat. (Supp. 1994). The legislature did not insert the term "youthful offender" into subsection (7)(d). This omission is significant in light of the precision with which the term is used elsewhere in section 39.059(7), as amended. The plain language of the statute does not mandate that a decision to impose a youthful offender sentence be in writing. Because the trial judge sentenced appellant as a youthful offender and not as an adult, there was no decision to impose "adult" sanctions within the meaning of section 39.059(7)(d), Florida Statutes (Supp.1994), which needed to be reduced to writing.
As to the $200 in public defender fees, appellant specifically agreed to the imposition of the fee and the reasonableness of the amount in a written petition to enter a plea of no contest filed over two months before the sentencing hearing. Under these circumstances, he failed to preserve this issue for appeal by not objecting at the time of sentencing. Norman, 676 So.2d 7.
Finally, appellant complains that the sentencing judge was not the judge who accepted his plea. The failure to object to the successor judge at the sentencing hearing is fatal to the claim on appeal. See McCoy v. State, 344 So.2d 250 (Fla. 1st DCA), cert. denied, 354 So.2d 982 (Fla.1977). Regarding a sentence imposed after a plea, we note that Florida Rule of Criminal Procedure 3.700(c)(1) requires that a successor judge become "acquainted with ... the facts, including any plea discussions, concerning the plea and the offense." The record demonstrates that the trial judge acquired the degree of familiarity with the case that is required by the rule. He reviewed the predisposition report, heard testimony from a counsellor at a juvenile program who was familiar with appellant and from appellant's mother, and considered other arguments made by both sides at the hearing.
REVERSED AND REMANDED.
POLEN, J., concurs.
STONE, J., concurs specially with opinion.
STONE, Judge, concurring specially.
I concur in the majority opinion in all respects except that I would reverse the *1369 assessment of prosecution costs on grounds other than lack of notice.
NOTES
[1] Cooper involves section 39.111, Florida Statutes (1983), the predecessor to section 39.059.