DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LESOMER S. FRANKLIN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D19-2229, 4D19-2230 and 4D19-2231

[June 2, 2021]

Consolidated appeals from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Dan L. Vaughn, Judge; L.T. Case Nos. 312019CF000481A, 312019CF000268A and 312019CF000046A.

Carey Haughwout, Public Defender, and Ikram Ally, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Lesomer Franklin appeals the circuit court's judgment of convictions and sentence of forty-eight months incarceration against him for driving with a suspended license as a habitual traffic offender, a third-degree felony offense under section 322.34, Florida Statues (2016). Franklin raises three issues on appeal. We affirm two without discussion. For the third, Franklin challenges certain fees the circuit court assessed. On that issue, we reverse the assessment of certain costs and remand for further proceedings.

Franklin challenges the assessment of five fees and costs the circuit court imposed on him. We agree with the State that Franklin agreed to the $200 prosecution cost and affirm the imposition of that cost. *See, e.g.*, *Davis v. State*, 677 So. 2d 1366, 1368 (Fla. 4th DCA 1996). We also agree with the State that the circuit court did not err when it imposed the $2 education fee and $100 trust fund fee. Those two fees are mandatory fees under Chapter 938, Florida Statutes (2016). *Waller v. State*, 911 So. 2d 226, 228 (Fla. 2d DCA 2005).

But we agree with Franklin that reversal is required for two of the costs assessed against him.  The first is the $50 investigative cost because "the record reflects that no investigating agency moved for fees, and the state did not submit any evidence establishing what investigative costs were actually incurred."  *Jackson v. State*, 137 So. 3d 470, 472 (Fla. 4th DCA 2014); *see also Felton v. State*, 939 So. 2d 1159, 1159 (Fla. 4th DCA 2006) (per curiam) ("[T]he agency expending the costs must specifically request reimbursement and provide documentation to the court.").

We also agree with Franklin that the circuit court erroneously assessed an additional $15 fee.  On this point, the State concedes that the court erred when it assessed this fee without making a finding that Franklin had the ability to pay it.

In conclusion, we affirm in part and reverse in part.  We reverse the court's imposition of the $50 investigative fee.  On remand, the circuit court must either strike the investigative fee or reimpose it if the statutory requirements are met.  *Jackson*, 137 So. 3d at 472–73.  We also reverse the court's imposition of the $15 additional fee.  On remand, the court may only reimpose the additional fee if it finds Franklin has the ability to pay. *Desrosiers v. State*, 286 So. 3d 297, 300 (Fla. 4th DCA 2019).

*Affirmed in part, reversed in part, and remanded.*

CIKLIN and ARTAU, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

2