PER CURIAM.
Subsequent to juvenile defendant Walker’s guilty plea and conviction of burglary of an occupied dwelling, the trial court, upon HRS recommendations, imposed adult youthful offender sanctions and departed from sentencing guidelines. We reverse because the trial court failed to comply with the mandatory provisions of section 39.111(6)(c), (d), Florida Statutes (1983), when it decided to sentence Walker as an adult.
Section 39.111(6)(c) prescribes the criteria to be considered by the trial court when determining a juvenile’s suitability for adult sanctions; section 39.111(6)(d) requires the entry of a written order applying the specified criteria. Although the trial court addressed some of the statutory factors, its failure to enter a written order supporting its decision upon consideration of all the statutory criteria mandates re *826 versal. State v. Rhoden, 448 So.2d 1013 (Fla.1984); Johnson v. State, 477 So.2d 56 (Fla. 5th DCA 1985); Jones v. State, 474 So.2d 1267 (Fla. 1st DCA 1985); Franklin v. State, 473 So.2d 763 (Fla. 1st DCA 1985).
Our ruling on this point makes it unnecessary for us to decide defendant’s apparently meritorious challenge to the trial court’s imposition of a sentence which deviated from sentencing guidelines.
Reversed and remanded for resentenc-ing.