DAUKSCH, Judge.
This is an appeal from a sentence. Appellant was sentenced as an adult even though he was a juvenile. The sentencing judge failed to follow the requirements of section 39.111(6)(d), Florida Statutes (1983), mandating that the decision to impose adult sanctions be in writing. State v. Rhoden, 448 So.2d 1013 (Fla.1984); Johnson v. State, 477 So.2d 56 (Fla. 5th DCA 1985). The sentence is quashed and the case remanded for resentencing. In the event the trial court departs from the guidelines upon remand, no consideration should be given to the nature of the offense for which the defendant was charged but not convicted. Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985). In this case, the defendant was convicted of robbery, not armed robbery, and the weapon is not a permissible reason for departure. Because we have quashed the sentence and remanded for resentencing, we are not required to review the extent of the departure, which in this case was seven times the guideline recommendation. See Albritton v. State, 476 So.2d 158, 160 (Fla.1985).
SENTENCE QUASHED; REMANDED.
ORFINGER and SHARP, JJ., concur.