489 So.2d 858 (1986)
Raymond C. CHRISTY, Appellant,
v.
STATE of Florida, Appellee.
No. BD-373.
District Court of Appeal of Florida, First District.
June 6, 1986.
*859 Michael E. Allen, Public Defender, Kenneth L. Hosford, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant is a juvenile offender who seeks review of the court's imposition of adult criminal sanctions after nolo pleas to burglary charges. We find that the court erred by imposing such sanctions without fully complying with the requirements of section 39.111(6), Florida Statutes. We therefore vacate appellant's sentences and remand the cause for resentencing.
Section 39.111(6)(c), Florida Statutes, provides that the suitability of adult sanctions for a juvenile offender shall be determined by reference to six specific listed criteria. Section 39.111(6)(d), Florida Statutes, requires that a decision to impose adult sanctions be expressed in writing, with a specific finding of fact and the reasons for the decision, in conformity with each of the listed criteria. In the present case the court did enter written orders with specific findings; however, these orders do not address, and the record does not reveal a thorough consideration of, appellant's "sophistication and maturity ... his home, environmental situation, emotional attitude, and pattern of living" as specified by section 39.111(6)(c)4, Florida Statutes. While the court did substantially comply with the statutory directive by addressing the other listed criteria, we conclude that in the circumstances presented the absence of any reference to appellant's "sophistication and maturity" as delineated by section 39.111(6)(c)4, Florida Statutes, requires resentencing. See Upshaw v. State, 464 So.2d 1355 (Fla. 4th DCA 1985); Murray v. State, 382 So.2d 765 (Fla. 2d DCA 1980).
The sentences appealed are vacated and the cause remanded.
MILLS and NIMMONS, JJ., concur.