501 So.2d 192 (1987)
William Lem POSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1175.
District Court of Appeal of Florida, Fifth District.
January 29, 1987.
*193 James B. Gibson, Public Defender, and Michael L. O'Neill, Assistant Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
William Posey challenges the trial court's resentencing. Posey was originally charged with robbery with a shotgun, and ultimately pled to the second-degree felony of strong-arm robbery. A guidelines score sheet prepared prior to Posey's original sentencing showed a total of 65 points, for a sentence range of community control or 12 to 30 months' incarceration. Posey, a juvenile, was sentenced as an adult, with the trial court imposing fifteen years' imprisonment.
On appeal the sentence was quashed and the cause remanded, with this court finding that the trial court failed to follow section 39.111(6)(d), Florida Statutes (1983), which requires that the decision to impose adult sanctions be in writing. This court also noted that if the guidelines were departed from on remand, the trial court should not give consideration to the fact that a weapon was used in the robbery, since it was not part of the offense for which the defendant was convicted. Posey v. State, 487 So.2d 429 (Fla. 5th DCA 1986).
On remand, the trial court again sentenced Posey as an adult, imposing a 30-month term of imprisonment followed by two years of community control and ten years on probation. In the order determining to impose adult sanctions, the court found that from his past criminal history, Posey has shown an escalating pattern of increasingly violent behavior; that all alternatives to incarceration have been to no avail; and that Posey is an extreme risk to the safety of the public. Posey now appeals that order.
Posey claims three errors were made by the trial court in his resentencing: (1) that the order imposing adult sanctions improperly considers the nature of an offense for which Posey was not charged and fails to consider Posey's "sophistication and maturity;" (2) that court costs were improperly imposed; and (3) that a condition of probation requiring urinalysis bears no relationship to the offense, and constitutes a violation of Posey's constitutional rights.
Initially, it should be pointed out that the sentence imposed by the court is not a departure sentence, since the term of imprisonment is within the guideline range, and the total split sentence is within the statutory limits. See McDowell v. State, 491 So.2d 594 (Fla. 5th DCA 1986).
*194 While the trial court entered a written order in this case on adult sanctions, the order does not in any manner address one of the factors listed as those to be considered in section 39.111(6)(c), Florida Statutes (1985), to-wit:
4. The sophistication and maturity of the child, as determined by consideration of his home, environmental situation, emotional attitude and pattern of living.
Section 39.111(6)(d) provides as follows:
Any decision to impose adult sanctions shall be in writing, and it shall be in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions. Such order shall be reviewable on appeal by the child pursuant to section 39.14.
The trial court in the instant case failed to comply with the statute, since specific factual findings were not made as to all the criteria to be considered in imposing adult sanctions. Thus, the sentence must be vacated and the cause remanded. See State v. Rhoden, 448 So.2d 1013 (Fla. 1984); Johnson v. State, 477 So.2d 56 (Fla. 5th DCA 1985), review denied, 486 So.2d 596 (Fla. 1986); Christy v. State, 489 So.2d 858 (Fla. 1st DCA 1986) (trial court's failure to address provision dealt with here cause for reversal).
Posey's contention concerning the court costs has been dealt with by this court previously in Yost v. State, 489 So.2d 131 (Fla. 5th DCA 1986), and cases which have followed it. These cases hold that a violation of the ex post facto doctrine occurs when section 27.3455, Florida Statutes (1985), is applied to crimes committed before its effective date. In Yost and other cases, this court has certified the following question to the supreme court:
Does the application of section 27.3455, Florida Statutes (1985), to crimes committed prior to the effective date of the statute violate the ex post facto provisions of the Constitutions of the United States and of the State of Florida, or does the statute merely effect a procedural change as is permitted under State v. Jackson, 478 So.2d 1054 (Fla. 1985)?
Posey's final contention, that the condition of probation requiring urinalysis is unconstitutional and improper, is without merit. The trial court's determination to impose the condition of urinalysis was announced at the sentencing hearing, with no objection coming from defense counsel. In the absence of such objection below, Posey is deemed to have accepted the condition. Bentley v. State, 411 So.2d 1361 (Fla. 5th DCA), review denied, 419 So.2d 1195 (Fla. 1982).
The trial court failed to comply with the statutory requirement of specifically delineating the reasons for imposing adult sanctions; thus, the sentence is vacated and remanded. Additionally, the imposition of costs constitutes a violation of the ex post facto doctrine, and is reversed, with the Yost question once again certified to the supreme court.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.