503 So.2d 435 (1987)
Vincent WEST, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-1374.
District Court of Appeal of Florida, Fourth District.
March 4, 1987.
Richard L. Jorandby, Public Defender, and Don Stephens, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Diane Leeds, Asst. Atty. Gen., West Palm Beach, for appellee.
WEBSTER, PETER D., Associate Judge.
Appellant, a juvenile, was tried as an adult and convicted of armed robbery. He raises two issues on appeal. The first contention is that the trial court committed reversible error when, during the trial, it refused to allow cross-examination of the state's principal witness regarding his participation in a juvenile pretrial intervention program. The second contention is that the trial court committed reversible error when it sentenced appellant as an adult, because it failed to comply with Section 39.111(6)(c) and (d), Florida Statutes (1985).
It was not error to deny cross-examination of the state's principal witness concerning his previous participation in a juvenile pretrial intervention program. Appellant *436 correctly cites Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), for the proposition that it is reversible error to deny cross-examination of a key state witness who is on juvenile probation at the time of trial, when such cross-examination is intended to establish bias or self-interest arising from fear of prosecution or a desire to curry favor. Likewise, in Thornes v. State, 485 So.2d 1357 (Fla. 1st DCA 1986), the court held that it was reversible error not to allow cross-examination intended to establish that a key state witness "was then actively involved in a pretrial intervention program administered under the state attorney's office" (485 So.2d at 1359). However, these and similar cases are distinguishable because, here, it is undisputed that the witness had successfully completed the pretrial intervention program some two years before the trial. Thus, there was no possibility at the time of trial that the charges against the witness might be reactivated. Because there was no possibility that the charges might be reactivated, the fact that the witness had, some two years earlier, successfully completed a pretrial intervention program had no bearing on his credibility and was, therefore, irrelevant.
Section 39.111(6), Florida Statutes (1985), mandates that when sentencing a juvenile who has been tried and convicted as an adult, the court consider the suitability or nonsuitability of adult sanctions. Subpart (c) of that Section requires that the determination of suitability of adult sanctions be based upon six listed criteria; and subpart (d) requires that a decision to impose adult sanctions be in writing and include "a specific finding of fact and the reasons for the decision to impose adult sanctions," with reference to the six criteria listed in subpart (c). In this case, the trial court entered a written "Order of Sentence" which included findings addressing four of the six criteria, and the sentencing transcript reflects some consideration of a fifth. However, nowhere is there any written indication that the trial court considered and made a finding as to "[t]he sophistication and maturity of the child, as determined by consideration of his home, environmental situation, emotional attitude, and pattern of living." § 39.111(6)(c)4., Fla. Stat. (1985). Numerous decisions have held that it is reversible error not to make findings addressed to each of the six criteria. See, e.g., Posey v. State, 501 So.2d 192 (Fla. 5th DCA 1987); Christy v. State, 489 So.2d 858 (Fla. 1st DCA 1986); Cooper v. State, 465 So.2d 1334 (Fla. 4th DCA 1985); Upshaw v. State, 464 So.2d 1355 (Fla. 4th DCA 1985). Accordingly, the sentence must be vacated and the case remanded with directions that the trial court resentence appellant. If the trial court again decides to sentence appellant as an adult, it should enter a written order which includes findings of fact addressing each of the six criteria contained in Section 39.111(6)(c).
CONVICTION AFFIRMED; SENTENCE VACATED; and REMANDED with directions.
HERSEY, C.J., and WALDEN, J., concur.