522 So.2d 543 (1988)
Willie F. LEONARD, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1237.
District Court of Appeal of Florida, Fourth District.
March 30, 1988.
*544 Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Celia A. Terenzio, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
This is an appeal of a trial judge's order, waiving juvenile jurisdiction, and another trial judge's order, determining that adult sanctions are appropriate. We affirm the former, reverse the latter and remand with direction to proceed in accordance herewith.
Appellant was charged in juvenile court with third degree murder. The state sought to have appellant transferred for criminal prosecution as an adult. On the state's motion, the trial court entered a written order waiving juvenile jurisdiction over appellant, certifying him for trial as an adult, setting bond and ordering appellant to stay away from the victim's family and from school. A review of the order entered in the instant case reveals that the trial court adequately addressed each of the criteria set forth in section 39.09(2)(c), Florida Statutes, (1985) in determining whether appellant should be transferred.
Given the court's direct mention of its consideration of the Department of Health and Rehabilitative Services' Waiver Hearing Report, it appears to us that the intention of section 39.09(2)(c)(6), Florida Statutes, (1985) i.e., that the child's emotional attitude and pattern of living be considered in a determination of the child's sophistication and maturity, was satisfied.
After the trial court granted the state's motion to transfer appellant for criminal prosecution, appellant was charged by information with third degree murder. He entered a plea of no contest to the offense charged. In sentencing appellant, the trial court determined that he should be treated as an adult and sentenced him to a term of six years in the Department of Corrections as a youthful offender.
Appellant contends that the trial court improperly sentenced him in that the Order Determining to Impose Adult Sanctions made reference to only three of the six criteria set forth in section 39.111(7)(c), Florida Statutes (Supp. 1986). That statutory section provides:
(c) Suitability or nonsuitability for adult sanctions shall be determined by the court before any other determination of disposition. The suitability determination shall be made by reference to the following criteria:
1. The seriousness of the offense to the community and whether the protection of the community requires adult disposition.
2. Whether the offense was committed in an aggressive, violent, premeditated, or willful manner.
3. Whether the offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted.
4. The sophistication and maturity of the child, as determined by consideration of his home, environmental situation, emotional attitude, and pattern of living.
5. The record and previous history of the child, including:

*545 a. Previous contacts with the department, the Department of Corrections, other law enforcement agencies, and courts,
b. Prior periods of probation or community control,
c. Prior adjudications that the child committed a violation of law, and
d. Prior commitments to institutions.
6. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child if he is assigned to juvenile services and facilities.
A review of the order entered herein reveals that the trial court referred only to statutory subsections 2, 3 and 6. This court has held that the failure to make findings as to each of the six criteria set forth in section 39.111(6)(c), (now 39.111(7)(c)), constitutes reversible error. West v. State, 503 So.2d 435 (Fla. 4th DCA 1987); Upshaw v. State, 464 So.2d 1355 (Fla. 4th DCA 1985). Thus, the appellant's sentence must be vacated and the case remanded for resentencing.
HERSEY, C.J., and LETTS, J., concur.