524 So.2d 730 (1988)
Jonathan BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-0366.
District Court of Appeal of Florida, Fourth District.
May 11, 1988.
Richard L. Jorandby, Public Defender, Jeffrey L. Anderson, Asst. Public Defender, and John B. Sumner, Certified Legal Intern, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
This is an appeal of an order determining the appropriateness of imposing adult sanctions, a judgment of conviction and a sentence rendered by the Broward County Circuit Court. We reverse the conviction and remand.
An information was filed against appellant charging him with the commission of a robbery. On the date of the robbery, appellant was sixteen and a half years old. At the trial, held when appellant was eighteen and a half years old, the jury found appellant guilty of robbery as charged.
At the sentencing hearing, the probation officer made a recommendation that appellant be treated under the Youthful Offender Act if the court deemed him eligible. The court determined that appellant should be treated as an adult and sentenced him for a term of nine years in the Florida state prison system. In addition, the court imposed 50.3 hours of community service in lieu of court costs. The trial court then entered a written order determining that adult sanctions were appropriate.
The robbery victim testified that on December 2, 1984, at 7:00 p.m., she drove into the parking lot of a fast food restaurant in Dania and saw two young black males sitting on a curb. When leaving the restaurant, the victim saw the boys again near the door of the restaurant. She testified that when she reached for the car door, one of the boys pushed her against the car and the other pulled at her purse until it broke. The two boys then ran away with the purse. The victim was not injured.
She gave a description of the two boys to the police. Officer James Fondo of the City of Dania Police Department testified that the victim described one of the boys as being fourteen years old, having short hair, and wearing a blue T-shirt and jeans. The other boy was described as being ten years old and having short hair. Officer Fondo dispatched the description to all the police units in the area.
*731 A search of the surrounding area failed to uncover the two suspects. Later, the victim viewed photo albums of crime suspects but did not identify the two boys. On December 6, 1984, four days after the robbery, the police created a photo lineup and the victim identified the first picture as the boy who had pushed her against the car. The picture was that of appellant. Appellant was then arrested.
At trial, the victim was unable to make an assured identification of appellant as the boy who had pushed her against the car. Appellant took the stand and testified he had not participated in the robbery.
The officer who had arrested appellant two years earlier, also testified at trial. According to his testimony, appellant had put on weight since his arrest and his face and body were larger. The officer testified that there was no doubt in his mind that appellant, the individual in the courtroom, was the same individual who had been arrested on December 6, 1984, on the basis of the victim's photographic identification.
The error which requires reversal is the trial court's overruling appellant's objection to the prosecutor's comments on appellant's failure to call alibi witnesses.
Appellant contends that he did not raise any alibi defense and that the prosecutor improperly attempted to create one for him by asking him about the persons with whom he had watched a football game earlier on the day the robbery was committed. A review of the record supports appellant's contention that he did not raise an alibi defense, i.e., claim that he was with other persons at the time of the commission of the crime. Rather, his testimony reflects that he stated that he did not remember where he was at the time of the alleged crime although he remembered where he was earlier that day. Clearly, testimony as to where one was at a time other than at the time of the actual commission of the offense fails to constitute an alibi defense. Furthermore, the record makes clear that but for the prosecutor's creation of the impression that alibi witnesses existed, i.e., appellant's friend and his friend's father, there would not have been even a hint as to the existence of a possible alibi defense.
Appellant relies on the cases of Bayshore v. State, 437 So.2d 198 (Fla. 3d DCA 1983), and Lane v. State, 459 So.2d 1145 (Fla. 3d DCA 1984), in support of his argument that the prosecutor's line of questioning and comments in closing argument regarding the alibi witnesses were impermissible and constituted reversible error. Our review of the record in the instant case supports appellant's argument that but for the state's introduction of the alibi issue, no testimony pointing to any alibi defense would have been presented to the jury. It has been stated that in appellate review of an improper argument, the key question is "whether or not the court can see from the record that the conduct of the prosecuting attorney did not prejudice the accused, and unless this conclusion be reached, the judgment should be reversed." Coleman v. State, 420 So.2d 354, 356 (Fla. 5th DCA 1982), citing to McCall v. State, 120 Fla. 707, 163 So. 38 (1935).
Here, the insinuation that the appellant had an alibi defense, i.e., that he was watching a football game with friends at the time of the alleged crime, and that the testimony of those alibi witnesses could have been presented but was not, cannot be deemed to have had no prejudicial effect on appellant. The appellant's actual defense was that he was not the person who committed the robbery. At trial, the robbery victim was unable to make a confident identification of the accused. Given the victim's uncertainty as to the accuracy of her identification of the accused in combination with the prosecutor's insinuation to the jury that appellant had the burden to prove his innocence by presenting alibi witnesses, the prosecutor's comments were prejudicial and reversal of appellant's conviction is required.
Although we find appellant's second point to be without merit, his third point on appeal that the trial court erred in not making specific factual findings as to each of the criteria set forth in section 39.111(7)(c), Florida Statutes (Supp. 1986), before determining appellant to be suitable *732 for the imposition of adult sanctions  while moot because of our decision on the first point  is meritorious.
This court has held that it is reversible error not to make specific written findings of fact addressing each of the statutorily dictated criteria in deciding to impose adult sanctions. See West v. State, 503 So.2d 435 (Fla. 4th DCA 1987). In the instant case, the trial court entered a written "Order of Sentence" stating that "the court has fully reviewed the criteria set forth in Chapter 39 and based upon those criteria, this Court finds that the defendant is not suitable for juvenile sanctions and that adult sanctions are appropriate." This general assertion of compliance with the statutory dictates of section 39.111(7) is inadequate under West.
ANSTEAD and GUNTHER, JJ., concur.