536 So.2d 392 (1989)
Ronald GOODEN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0472.
District Court of Appeal of Florida, Fourth District.
January 11, 1989.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carolyn V. McCann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The state filed an information against appellant, a juvenile, containing two *393 charges of dealing in stolen property, to which appellant pled nolo contendere.
At sentencing, the Department of Health and Rehabilitative Services recommended that appellant be treated as a juvenile. However, the prosecutor recommended that he be sentenced as an adult; the trial court agreed and sentenced appellant as an adult. The prosecutor was directed to prepare an order, which the judge signed, in which the court treated most, but not all, of the statutory criteria required by section 39.111(7)(c), Florida Statutes (1987). Particularly, the court failed to treat item # 4 of said statute. The case law is clear that, in sentencing a juvenile as an adult, the court must treat all of the statutory criteria. Leonard v. State, 522 So.2d 543 (Fla. 4th DCA 1988); West v. State, 503 So.2d 435 (Fla. 4th DCA 1987); Upshaw v. State, 464 So.2d 1355 (Fla. 4th DCA 1985).
Accordingly, we reverse the sentence and remand the cause to the trial court with directions to consider, in writing, all of the statutory criteria in resentencing appellant.
DOWNEY and ANSTEAD, JJ., and RIVKIND, LEONARD, Associate Judge, concur.