543 So.2d 337 (1989)
Howard HAMMONDS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1244.
District Court of Appeal of Florida, Fourth District.
May 10, 1989.
*338 Richard L. Jorandby, Public Defender, and Scott Suskauer, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The state filed an information against the minor appellant charging him with conspiracy to deal in stolen property and grand theft. Appellant pled nolo contendere to the conspiracy pursuant to a plea agreement which allowed the judge to determine the sentence. The grand theft charge was nolle prossed.
At sentencing, the predisposition report from the Department of Health and Rehabilitative Services was not available, and even though section 39.111(7), Florida Statutes (1987) requires its consideration prior to sentencing, the trial court went ahead and sentenced appellant as an adult. In support of the imposition of adult sanctions, the trial court stated that appellant was as big as his father, that he was eighteen at the time of the sentencing, and that the judge didn't think he should be associating with other juveniles.
Upon a motion to correct sentence after the predisposition report was prepared, which report recommended juvenile sanctions, the trial court declined to modify the sentence. However, being again reminded that section 39.111(7), Florida Statutes, requires the court to discuss and address each of the six criteria listed in the statute in determining whether adult sanctions are appropriate, the trial court stated that he couldn't do that at the hearing, but he would discuss it. He then requested the state attorney to prepare the order, which was subsequently submitted and signed by the judge. The order is set forth in the footnote.[1]
The order must be reversed and remanded for a new sentencing hearing in compliance with section 39.111(7), Florida Statutes (1987) because (1) the trial court imposed adult sanctions when the court *339 had not received or considered the predisposition report. Leach v. State, 407 So.2d 1066 (Fla. 2d DCA 1981); (2) the trial court did not make specific findings of fact addressing each of the statutorily dictated criteria in deciding to impose adult sanctions. State v. Rhoden, 448 So.2d 1013 (Fla. 1984); West v. State, 503 So.2d 435 (Fla. 4th DCA 1987); Brown v. State, 524 So.2d 730 (Fla. 4th DCA 1988); and (3) the order is deficient in that the findings made therein were merely conclusions without facts supporting their application.
We would caution trial judges that under section 39.111(7), Florida Statutes, it is the trial court's function to weigh the statutory criteria prior to imposing sentence. Having the state attorney prepare an order attempting to justify the trial court's action after the sentence is passed and where the trial court does not make the analysis of the criteria on the record simply ignores the purpose of the statute which is to compel the trial court to analyze these criteria in each case prior to sentencing.
REVERSED and REMANDED.
HERSEY, C.J., and STONE and WARNER, JJ., concur.
NOTES
[1] THIS CAUSE having come before the Court for sentencing and after hearing from the Defendant's Attorney, Defendant's father, the Assistant State Attorney and after considering the PDR and PSI, the Court determines that adult sanctions in this case are appropriate for the following reasons:

1) This was a crime against property where the value of the property would have been great.
2) The conspiracy to commit the offense was done in a sophisticated manner given the age and educational level of the child.
3) The offense was committed in a premediated manner.
4) Although the child has no known previous criminal history the prospectus for adequate protection of the public is minimal through the use of juvenile sanctions as the department would be able to supervise the child for less than one year. In addition the child's home life is very unstable as indicated in the PDR.
5) Conspiracy to Deal in Stolen cars is a very serious offense in the community of St. Lucie County and the seriousness of such offense requires adult disposition.
WHEREFORE, above premises considered, it is hereby ordered that the Defendant be sentenced and treated as an adult.
DONE AND ORDERED in Fort Pierce, St. Lucie County, Florida this 13th day of April, 1988.