547 So.2d 998 (1989)
Jimmy W. MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2084.
District Court of Appeal of Florida, First District.
August 10, 1989.
Bill Salmon, Gainesville, for appellant.
Robert A. Butterworth, Atty. Gen., and Virlindia A. Sample, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
This is an appeal from the imposition of adult sanctions upon a juvenile defendant. We find that the trial court failed to comply with section 39.111(7)(d), Florida Statutes (1987), in that the record does not reflect that the court considered each of the six criteria for determining suitability of adult sanctions, as enumerated in section 39.111(7)(c). We reverse and remand for resentencing and full compliance with the statute.
Appellant, seventeen year old Jimmy Martin, was arrested and charged as an adult with armed burglary, armed sexual battery and armed kidnapping. Pursuant to a negotiated plea agreement, he pled nolo contendere to the armed burglary charge. The state agreed not to prosecute the armed sexual battery and armed kidnapping offenses and recommended a 10-year sentence, if adult sanctions were imposed. The presentence investigation report, ("PSI"), indicated that Martin was administratively placed in the 9th grade during the 1986-1987 school year, but he subsequently dropped out. His prior criminal record included arrests for criminal mischief and petit theft, committed in March 1987, and grand theft auto, petit theft, criminal mischief and arson, committed between July 3-7, 1987. In November, 1987 the county court placed him on community control. He subsequently violated the technical conditions of the probation, including nonattendance in the community control program and nonconformity with the November, 1987 court order, i.e., failure to obey his parents and counselor, failure to maintain residence at his parents' home and failure to complete juvenile program. *999 He pled guilty to the violations and, in March, 1988, he was placed on community control after a prison tour and visit to the Baker Correctional Institute. He committed the present offenses in May, 1988. The PSI author agreed with the negotiated plea and the recommended disposition.
The Department of Health and Rehabilitative Services, ("HRS"), prepared a predisposition report and filed it with the court. The HRS intake counselor concluded that appellant was not a suitable candidate for juvenile sanctions due to the seriousness of the present offenses, his previous performance on Community Control and his failure to comply with restitution obligations. The counselor also concluded that the HRS juvenile commitment options, (training school, halfway house and project STEP), did not offer a suitable or appropriate consequence for appellant.
At the sentencing hearing, the state argued that due to appellant's escalating pattern of criminal conduct and the seriousness of the most recent charges, adult sanctions were necessary. Appellant argued that the court should consider juvenile sanctions, pursuant to section 39.111(7)(c), Florida Statutes.[1] He acknowledged that the criteria set forth section 39.111(7)(c)(1-3), i.e., the seriousness and violent nature of the most recent offenses and the fact that they were committed against persons rather property, militated in favor of adult sanctions. However, he asserted that the remaining criteria set forth in subsection (c)(4-6), militated in favor of juvenile sanctions, stressing that his prior criminal history stemmed primarily from a series of incidents occurring over a short period of time for which he was placed on community control under HRS supervision. Therefore, he had never truly faced a severe juvenile sanction such as being institutionalized in a juvenile home. Alternatively, appellant requested that he be sentenced as an adult according to the negotiated plea.
The trial court denied appellant's request to be sentenced as a juvenile, based upon his escalating pattern of criminal behavior, the seriousness of the most recent offenses, his violation of conditions of his juvenile probation, his failure to heed warnings and admonitions of his parents, HRS counselors and the juvenile court, his failure to make restitution to past victims of his crimes, and his failure to perform 120 hours of community service as ordered by the juvenile court in November, 1987. The trial court concluded that appellant was not a suitable candidate for juvenile sanction and that, therefore, he should be sentenced as an adult. His guidelines scoresheet indicated a range of 3 1/2-4 1/2 years incarceration. Pursuant to the negotiated plea agreement, the court entered judgment and sentenced appellant to 10 years incarceration with a 3 year minimum mandatory sentence and 77 days credit for time served. As departure reasons, the trial court cited to the negotiated plea and appellant's escalating pattern of criminal activity.
In determining suitability for adult sanctions, the trial court must consider the six criteria enumerated in section 39.111(7)(c), and if the court decides to impose *1000 adult sanctions, it must reduce that decision to writing, as required under section 39.111(7)(d).[2]State v. Rhoden, 448 So.2d 1013 (Fla. 1984); Barkley v. State, 522 So.2d 431 (Fla. 1st DCA 1988); Banks v. State, 520 So.2d 43 (Fla. 1st DCA 1987); Franklin v. State, 472 So.2d 1303 (Fla. 1st DCA 1985). A transcript which is made part of the appellate record, as in the present case,[3] satisfies § 39.111(7)(d), if it contains the requisite findings of fact and reasons for the decision to impose adult sanctions. Pimentel v. State, 442 So.2d 228 (Fla. 3d DCA 1983), rev. den., 450 So.2d 488 (Fla. 1984); Cooper v. State, 465 So.2d 1334 (Fla.4th DCA 1985). We would conclude, however, that the transcript in the present case does not reflect that the court fully considered all six criteria set forth in section 39.111(7)(c).
The trial court expressly considered "a variety of reasons" in determining that appellant was not a suitable candidate for juvenile sanctions: (1) the escalating pattern of criminal activity; (2) the seriousness of the offense  armed burglary  and the fact that the offense also included an armed assault and rape; (3) the violations of the conditions of his juvenile probation; (4) the failure to obey his parents, (including running away from home twice), counselors and the court; and, (5) the failure to pay past restitution and perform community service as previously ordered by the court. These reasons can be reasonably interpreted to pertain to the criteria under subsection (c)(1-3), and probably (c)(5) and (c)(6). However, there is no indication in the transcript that the trial court considered subsection (c)(4): "[t]he sophistication and maturity of the child, as determined by home, environmental situation, emotional attitude, and pattern of living."
In West v. State, 503 So.2d 435 (Fla. 4th DCA 1987), the trial court's written order on adult sanctions addressed four of the six criteria, and the sentencing transcript indicated consideration of a fifth criterion. However, the appellate court reversed and remanded for resentencing because nowhere was there any written indication that the court considered the criterion under subsection (c)(4). In Posey v. State, 501 So.2d 192 (Fla. 5th DCA 1987), the written order indicated as reasons for adult sanctions the defendant's escalating pattern of criminal history, the fact that all alternatives to incarceration had been to no avail, and that he was an extreme risk to the safety of the public. The appellate court reversed and remanded for resentencing because the order failed to address in any manner the criterion under subsection (c)(4). In Christy v. State, 489 So.2d 858 (Fla. 1st DCA 1986), although the written order on adult sanctions addressed five of the six criteria, this court reversed and remanded because neither the order nor the record revealed a thorough consideration of subsection (c)(4). See also, Walker v. State, 483 So.2d 825 (Fla. 3d DCA 1986) (failure to enter a written order showing consideration of all statutory criteria mandated reversal).
The state argues that the trial court did consider the fourth criterion by specifically referring to the PSI and HRS reports, which indicated that appellant did not lack the maturity or sophistication to be treated as an adult (lengthy history of offenses, drinking, smoking and drug use). We disagree. Mere reference to the reports does not satisfy section 39.111(7)(c) and (d). Under subsection (d), there must be some written indication, whether in the form of a sentencing order or transcript, that the trial court considered each of the six criteria set forth in subsection (c). Because we find that the trial court failed to fully comply with section 39.111(7), we reverse and remand for resentencing. Upon remand, the court must consider each of the six *1001 criteria listed in section 39.111(7)(c), and reduce the decision to writing with specific findings of fact and reasons for imposing an adult sanction, in accordance with section 39.111(7)(d).
SHIVERS, C.J., and SMITH, J., concur.
NOTES
[1] The six criteria set forth in section 39.111(7)(c) are:

(1) The seriousness of the offense to the community and whether the protection of the community requires adult disposition.
(2) Whether the offense was committed in an aggressive, violent, premeditated, or willful manner.
(3) Whether the offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted.
(4) The sophistication and maturity of the child, as determined by consideration of his home, environmental situation, emotional attitude, and pattern of living.
(5) The record and previous history of the child, including:
a. Previous contacts with the department, the Department of Corrections, other law enforcement agencies, and courts,
b. Prior periods of probation or community control,
c. Prior adjudications that the child committed a violation of law, and
d. Prior commitments to institutions.
(6) The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child if he is assigned to juvenile services and facilities.
[2] Section 39.111(7)(d), provides: "Any decision to impose adult sanctions shall be in writing and it shall be in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions. Such order shall be reviewable on appeal by the child pursuant to s. 39.14."
[3] The court gave specific instructions to the court reporter to transcribe the sentencing hearing and file it with the clerk of the court in order to comply with the statute.