559 So.2d 283 (1990)
Willie Joe BRADLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0790.
District Court of Appeal of Florida, Fourth District.
March 28, 1990.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
POLEN, Judge.
Appellant, a sixteen year old juvenile, was charged by information with grand theft and possession of cocaine. He entered pleas of no contest to each charge. The trial court held a sentencing hearing at which time the judge announced that he had received a presentence investigation and a predisposition report. The predisposition report recommended three alternative juvenile sanctions as appropriate for appellant. The record indicates that appellant's recommended guideline sentence was community control or twelve to thirty months' incarceration. However, the permissive range allowed a sentence up to three and one half years without written reasons. The trial court sentenced appellant to thirty six months in the Department of Corrections as a youthful offender and imposed $200.00 in court costs in each case, public defender fees of $105.00 in each as well, and $400.00 restitution in the grand theft case.
Ten days later, the trial judge heard a motion to reconsider sentence pursuant to section 39.111(7)(c), Florida Statutes (1987). The court upheld the original sentence and entered a written order addressing the criteria under the statute. Appellant raises two points on appeal. We find merit with both points and affirm appellant's conviction but reverse and remand for resentencing.
*284 Section 39.111(7)(c), Florida Statutes (1987), sets forth specific criteria that the trial court must consider prior to sentencing a juvenile as an adult. Appellate courts have insisted on strict compliance with section 39.111(7)(c) by the trial courts. Brown v. State, 524 So.2d 730 (Fla.4th DCA 1988). Numerous decisions have held that it is reversible error not to make findings addressed to each of the six criteria. West v. State, 503 So.2d 435 (Fla.4th DCA 1987).
In the instant case, we find that the trial court's order is deficient in that the findings made were merely conclusions without facts supporting their application. Specifically the record fails to completely set forth specific findings under section 39.111(7)(c)(1) and (2). Criterion 4 is addressed by the trial court in only general conclusory language without facts to support its conclusion. Criteria (5a), (5c) and (6) have not been addressed at all in the trial court's order.
We reject appellant's argument that the trial court must make written findings of fact which address each of the six criteria at sentencing and before reaching its decision. Hammonds v. State, 543 So.2d 337 (Fla.4th DCA 1989). However, the record must reflect that the trial court considered the six factors at the time of sentencing. In the same vein, we reject appellant's argument that he must be resentenced as a juvenile. West, 503 So.2d at 436. Accordingly, we affirm appellant's conviction but reverse and remand for resentencing as to point I on appeal.
Appellant's second point on appeal also warrants remand. Without notice to appellant, the trial court imposed court costs in the amount of $200.00 and further ordered him to pay $105.00 in public defender fees and $400.00 in restitution. The trial judge made no findings on appellant's ability to pay.
In Jenkins v. State, 444 So.2d 947 (Fla. 1984), the supreme court held that prior notice must be given to an indigent defendant before assessment of costs against him. Moreover, a judicial finding must be made that the defendant has the ability to pay. Similarly, in Thomas v. State, 486 So.2d 69 (Fla.4th DCA 1986), we held that assessment of public defender fees without notice constitutes reversible error. Finally, before restitution is imposed, a defendant is entitled to a hearing to consider the factors set forth in section 775.089(6) and (7), Florida Statutes (1987). These factors include the defendant's ability to pay. Mounds v. State, 526 So.2d 1084 (Fla.4th DCA 1988). Accordingly, we reverse the trial court's order as to point II on appeal and remand for further action consistent with this opinion.
DELL and WALDEN, JJ., concur.