560 So.2d 409 (1990)
Oscar Earl YOUNGBLOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2164.
District Court of Appeal of Florida, Fifth District.
May 3, 1990.
James B. Gibson, Public Defender, and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Judy Taylor Rush, Asst. Atty. Gen., Daytona Beach, for appellee.
GRIFFIN, Judge.
Appellant, a juvenile, appeals an order imposing adult sanctions following his pleas of nolo contendere to one count of armed robbery and one count of attempted armed robbery. After consideration of each of the points appellant raises, we have determined that the only argument having merit is that the trial court failed to include the requisite factual findings in its order determining the suitability of adult sanctions.
Section 39.111(7), Florida Statutes (1987) governs disposition of a case in which a juvenile has been tried and convicted as an adult. Subsection (d) mandates that when adult sanctions are imposed upon a juvenile, the trial court must render in writing specific findings of fact and reasons for the decision. In doing so, the court must consider six factors enumerated in section 39.111(7)(c) of the statute. Failure to follow the mandate of the statute requires the appellate court to remand the case for resentencing. State v. Rhoden, 448 So.2d 1013, 1017 (Fla. 1984).
*410 In the present case, in the order imposing adult sanctions upon appellant, the trial court simply tracked the six broad criteria set forth in section 39.111(7)(c) using conclusory language without identifying any specific underlying findings of fact or reasons; nor were the four factors enumerated in section 39.111(7)(c)(5) mentioned. See Posey v. State, 501 So.2d 192, 194 (Fla. 5th DCA 1987). See also Martin v. State, 547 So.2d 998, 1000 (Fla. 1st DCA 1989) (examples of supporting reasons and factors conforming to the statutes).
As for appellant's argument concerning withdrawal of his plea of nolo contendere, if, on remand, the appellant wishes to pursue this issue he should file a proper motion below. Peak v. State, 399 So.2d 1043 (Fla. 5th DCA 1981).
REVERSED and REMANDED for proceedings consistent with this opinion.
DAUKSCH and COWART, JJ., concur.