573 So.2d 173 (1991)
Gregory TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 90-233.
District Court of Appeal of Florida, Fifth District.
January 17, 1991.
*174 James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Gregory Taylor appeals the sentence imposed following his convictions for attempted first degree murder of a police officer, shooting or throwing a deadly missile into a car, and the use of a firearm in the commission of an attempted felony. When the incident occurred, appellant was 16 years and 8 months of age. The state elected to prosecute him as an adult. Appellant's category one scoresheet showed a total of 210 points and a guidelines recommended range of 12 to 17 years incarceration. For the attempted murder, he was sentenced to seventy-five years incarceration with a twenty-five year mandatory minimum sentence. This sentence is challenged on appeal.
Pursuant to section 784.07, Florida Statutes (1988 Supp.), the attempted murder of a law enforcement official is a life felony, punishable as provided in section 775.0825 of the Florida Statutes (1987). Section 775.0825 exempts convictions for the attempted murder of a law enforcement officer from the sentencing guidelines and imposes a mandatory minimum sentence of twenty-five years. The maximum sentence allowable by law is set forth in section 775.082(3)(a), Florida Statutes (1988 Supp.), which limits a sentence for a life felony committed after October 1, 1983 to life imprisonment or a term of years not exceeding 40. Appellant correctly contends that because the trial judge elected to sentence him to a term of years, he may not be sentenced to more than forty years for the attempted murder of a law enforcement officer.
Appellant also complains that the lower tribunal did not issue a separate written order containing findings supporting the decision to impose adult sanctions. At the bottom of the sentencing scoresheet, the reasons for the departure sentence were given as follows:
1. A large number of unscored juvenile convictions.
2. The crime posed an extreme risk to the physical safety of other persons in that the defendant fired the weapon in a heavily populated area.
The court minutes of the sentencing hearing contain the notation that the "Court finds as provided in Chapter 39.09(2)(c) that Juvenile Sanctions are not appropriate."
As appellant contends, the failure to consider each of the statutory criteria and to render specific findings of fact is fundamental error. State v. Rhoden, 448 So.2d 1013 *175 (Fla. 1984); Lang v. State, 566 So.2d 1354 (Fla. 5th DCA 1990); Reed v. State, 544 So.2d 1077 (Fla. 2d DCA 1989). Although the trial judge may make the factual findings on the record at the sentencing hearing, Lang, 566 So.2d at 1357, in this case the record of the hearing has not been provided to this court. The state does not assert on appeal that the requisite findings were made during the sentencing hearing, which is why we have not ordered the record to be supplemented. The state simply argues the findings contained on the scoresheet are adequate. They are not.
The legislature has emphatically mandated that trial judges not only consider the specific statutory criteria pertaining to the suitability of adult sanctions, but that they also reduce to writing their findings of fact and reasons for imposing an adult sentence on a juvenile. A written order is necessary in order to make effective the right of sentence review granted to juveniles by the legislature.
Rhoden, 448 So.2d at 1016-1017. We remand to the trial court for compliance with the requirements of section 39.111(7)(d), Florida Statutes (1987).
JUDGMENT AFFIRMED; SENTENCED QUASHED and REMANDED for proceedings consistent with this opinion.
COBB, HARRIS and GRIFFIN, JJ., concur.