DIAMANTIS, Judge.
Defendant appeals the imposition of adult sanctions following his plea of guilty to a charge of attempted robbery with a weapon. We reverse defendant’s sentence and remand for resentencing.
Defendant was fourteen years old at the time of the offense. The juvenile division of the circuit court transferred defendant to the felony division of the circuit court to be tried as an adult. Defendant plead guilty to attempted robbery with a weapon in violation of sections 812.13(2)(b) and 777.04 of the Florida Statutes (1989).
*141 Defendant contends that the trial court erred by imposing adult sanctions upon him without entering a proper order. When a child has been tried as an adult, as in this case, or pleads guilty and has been found to have committed a violation of Florida law before adult sanctions can be imposed the trial court must make a determination as to whether adult sanctions are suitable. § 39.111(7)(c), Fla.Stat. (1989). If, after considering the six criteria required by section 39.111(7)(c),[1] the court decides to impose adult sanctions, the decision to do so must be in writing and must be in conformity with each of that section’s criteria. The court must render specific findings of fact and the reasons for the decision to impose adult sanctions. § 39.111(7)(d), Fla.Stat. (1989).[2]
The trial court did not render a written order complying with these statutory criteria. Although a transcript which is made part of the appellate record can satisfy the writing requirements of section 39.-lll(7)(d), it must contain the requisite findings of fact and reasons for the decision to impose adult sanctions. Taylor v. State, 573 So.2d 173 (Fla. 5th DCA 1991); Lang v. State, 566 So.2d 3354 (Fla. 5th DCA 1990); Martin v. State, 547 So.2d 998 (Fla. 1st DCA 1989). The transcript in this case does not contain these findings and reveals that the trial court did not address all of the criteria. Stickles v. State, 579 So.2d 878 (Fla. 2d DCA 1991); Martin.
We reject the state’s argument that because the juvenile division had previously considered similar criteria in transferring defendant to the felony division for prosecution, any and all requirements as to consideration of the criteria in section 39.-lll(7)(c) have been met. Section 39.111(7) states that “[w]hen a child has been transferred for criminal prosecution and found to have committed a violation of Florida law, the following procedure shall govern the disposition of the case....” Clearly, section 39.111(7) requires the court to which the child is transferred and then found to have committed a violation of Florida law to make the required findings of fact and reasons for the decision to impose adult sanctions.
Accordingly, we reverse and remand for resentencing. Upon remand if the basis for the required findings are present and the trial court complies with section 39.-lll(7)(d), it may again impose adult sanctions. Tighe v. State, 571 So.2d 83 (Fla. 5th DCA 1990); Stickles; Martin. In the absence of such findings the defendant must be sentenced as a juvenile. Tighe; Stickles.
REVERSED and REMANDED for re-sentencing.
HARRIS and PETERSON, JJ., concur.

.Section 39.111(7)(c) of the Florida Statutes (1989) requires the lower court to consider the following six criteria in considering the suitability or nonsuitability for adult sanctions:
1. The seriousness of the offense to the community and whether the protection of the community requires adult disposition.
2. Whether the offense was committed in an aggressive, violent, premeditated, or willful manner.
3. Whether the offense was against persons or against property, greater weight being given to offenses against persons, especially if personal injury resulted.
4. The sophistication and maturity of the child, as determined by consideration of his home, environmental situation, emotional attitude, and pattern of living.
5. The record and previous history of the child, including:
a. Previous contacts with the department, the Department of Corrections, other law enforcement agencies, and courts,
b. Prior periods of probation or community control,
c. Prior adjudications that the child committed a violation of law, and
d. Prior commitments to institutions.
6.The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child if he is assigned to juvenile services and facilities.

. Section 39.11 l(7)(d) provides:
(d) Any decision to impose adult sanctions shall be in writing, and it shall be in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions. Such order shall be reviewable on appeal by the child pursuant to s. 39.14.