585 So.2d 464 (1991)
Stacey Jerome SURRENCY, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1857.
District Court of Appeal of Florida, Fifth District.
September 5, 1991.
James Dickson Crock, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Stacey Jerome Surrency appeals his sentence imposing adult sanctions. He complains that the trial court erred in failing to comply with the technical requirements of section 39.111, subsections (7)(c)4, (7)(c)6, and (7)(d), Florida Statutes. We vacate the sentence and remand for resentencing. Flowers v. State, 546 So.2d 782 (Fla. 4th DCA 1989); Posey v. State, 501 So.2d 192 (Fla. 5th DCA 1987).
The pertinent statutes provide:
39.111 Community control or commitment of children prosecuted as adults. 
* * * * * *
(7) When a child has been transferred for criminal prosecution and the child has been found to have committed a violation of Florida law, the following procedure shall govern the disposition of the case:
* * * * * *
(c) Suitability or nonsuitability for adult sanctions shall be determined by the court before any other determination of disposition. The suitability determination shall be made by reference to the following criteria:
* * * * * *
4. The sophistication and maturity of the child, as determined by consideration of his home, environmental situation, emotional attitude, and pattern of living.
* * * * * *
6. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child if he is assigned to juvenile services and facilities.

*465 (d) Any decision to impose adult sanctions shall be in writing, and it shall be in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions. Such order shall be reviewable on appeal by the child pursuant to s. 39.14.
The trial judge's written compliance with these requirements was:
The Defendant is mature in that he turns 18 years old in four months and is competent as the average 17 year old.
The public cannot be protected if juvenile sanctions are applied as the longest he could be held in a secure facility would be no more than six months before he would be released back into the community.
Surrency does not complain about the trial court's written compliance with the remaining subparts of section 39.111(7).
The record reflects that the trial court worked diligently to comply with the statute but missed the mark by failing to address in writing the defendant's home, environmental situation, emotional attitude, and pattern of living. Also, subpart (c)6 of section 39.111(7) requires written findings regarding the likelihood of reasonable rehabilitation if the child were assigned to juvenile services and facilities. The record shows that the trial court received a predispositional report and considered these factors, but Posey and Flowers require trial courts to comply by "specifically delineating the reasons for imposing adult sanctions" and to "provide adequate specification of the facts." Flowers, at 783; Posey, at 194.
The trial court should consider the factors under criteria (c)4 and (c)6 upon resentencing and, if adult sanctions are again imposed, make the factual findings required by section 39.111. Flowers; Posey. It is suggested that the written factual findings be numbered and organized in the same manner as the statute rather than in the form of a letter. The statute thereby may serve as a checklist for the form on which the findings are written to ensure compliance.
Sentence VACATED; REMANDED for resentencing.
GOSHORN, C.J., and GRIFFIN, J., concur.