588 So.2d 1085 (1991)
Gregory JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2092.
District Court of Appeal of Florida, Fifth District.
November 14, 1991.
*1086 James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Gregory Jackson raises the following two issues in his appeal of the adult sanctions imposed after he entered a plea of guilty to third-degree murder pursuant to sections 782.04(4) and 775.087, Florida Statutes (1989):
(1) The trial court erred in sentencing appellant as an adult by failing to make reference to the six statutory criteria for a minor's suitability for adult sanctions as required by section 39.111(7)(c), Florida Statutes (1989); and
(2) The trial court erred in failing to require the state to produce corroborating evidence of a prior conviction when he disputed the contents of the presentence investigation reports.

ADULT SANCTIONS
In an attempt to comply with the requirements of section 39.111(7)(c), the trial court entered an order determining that adult sanctions should be imposed. However, the order failed to conform to the legislatively mandated requirement that the court consider, and make reference in the order to the fourth statutory criterion, "[t]he sophistication and maturity of the child, as determined by consideration of his home, environmental situation, emotional attitude, and pattern of living." The state argues that the defense counsel's comment at the sentencing hearing, that Jackson's father would be unavailable to testify because he had been incarcerated the day before for violation of probation, constitutes a sufficient record reflecting the items set forth in the fourth criterion. We disagree. Criterion number four requires more than this shorthand reference to one parent. Furthermore, the statute requires that the order contain a statement showing that the items were considered and reciting the conclusions resulting therefrom. Therefore, we remand for both consideration of the items set forth in criterion four and for reference in the order to such consideration and the conclusions derived therefrom. While there is no requirement that the order be prepared in any specific form, we suggested in Surrency v. State, 585 So.2d 464 (Fla. 5th DCA 1991), that the written findings of fact be numbered and organized in the same manner as the statute. That form of organization would not only be an aid to preparation of the order but also would aid in appellate review.

CORROBORATION OF PRIOR CONVICTIONS
At the sentencing hearing, Jackson objected to the accuracy of the record of prior convictions contained in the PSI report. The report indicated that he had been convicted of three, rather than two felonies. Jackson testified that in one of the cases "[g]rand theft, that was dropped. I never got charged with that." The trial court resolved the disputed prior conviction in favor of the state by analyzing the history of the cases as reported in the PSI, but defense counsel's motion for continuance of the sentencing hearing should have been granted to verify the accuracy of the report. When a defendant disputes the truth of specific material in a presentence report, the state must introduce competent proof of the disputed matter. Eutsey v. State, 383 So.2d 219 (Fla. 1980). Once the truth of the hearsay information presented at the sentencing hearing was specifically disputed, the state was obligated to carry its burden of corroborating the accuracy of the challenged conviction. Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985). Mere reference to other hearsay such as appeared in the predisposition report is not sufficient corroborative evidence. See Jackson v. State, 552 So.2d 1193 (Fla. 5th DCA 1989).
Jackson's sentence is vacated, and this cause is remanded for resentencing. On remand, the trial court is instructed to require the state to produce corroborating evidence of the disputed conviction and to *1087 strike the points assessed for that conviction if corroborating evidence is not produced. In addition, the court is instructed to reconsider Jackson's suitability for adult sanctions pursuant to section 39.111(7). If adult sanctions are imposed, the order shall comply with the criteria set forth in section 39.111(7).
Sentence VACATED; REMANDED.
COWART and DIAMANTIS, JJ., concur.