DIAMANTIS, Judge.
Appellant, a juvenile offender who was convicted and sentenced as an adult for the offenses of burglary of an occupied structure, burglary of a conveyance, and grand theft, appeals his convictions and the imposition of adult sanctions. We affirm appellant’s convictions, however, we vacate appellant’s sentences and remand the case for resentencing after entry of adequate written findings supporting the imposition of adult sanctions.
In an attempt to comply with the requirements of section 39.111(7)(c),[1] Florida Statutes (1989), the trial court entered an order determining that adult sanctions should be imposed. This order tracks five of the six statutory criteria for determining a juvenile’s suitability for adult sanctions. The trial court made oral findings of fact on the record at the sentencing hearing concerning some of the statutory criteria, and it also incorporated into its order the Predisposition Report (PDR), the Presentence Investigation Report (PSI), and the judgment and sentence. However, the written order imposing adult sanctions does not contain findings of fact. It is a mere checklist of five of the six statutory criteria. Further, neither the trial court’s order nor its oral findings of fact address, in any manner, one of the factors which must be considered in section 39.111(7)(c), to-wit:
2. Whether the offense was committed in an aggressive, violent, premeditated, or willful manner.
Section 39.111(7)(d) provides in pertinent part as follows:
(d) Any decision to impose adult sanctions shall be in writing, and it shall be in conformity with each of the above criteria. The court shall render a specific finding of fact and the reasons for the decision to impose adult sanctions.
Beginning with Posey v. State, 501 So.2d 192 (Fla. 5th DCA 1987), this court has held that the trial court commits reversible error when it fails to make specific factual findings as to all of the statutory criteria. See, e.g., Jackson v. State, 588 So.2d 1085 (Fla. 5th DCA 1991); Surrency v. State, 585 So.2d 464 (Fla. 5th DCA 1991). See also State v. Rhoden, 448 So.2d 1013 (Fla.1984); Taylor v. State, 573 So.2d 173 (Fla. 5th DCA 1991); Martin v. State, 547 So.2d 998 (Fla. 1st DCA 1989). In Tighe v. State, 571 So.2d 83 (Fla. 5th DCA 1990), we said that “[sjimply checking off a checklist of the criteria to indicate that they have been considered, or merely tracking the criteria, is not enough.” Although a transcript which is part of the appellate record can satisfy the writing requirements of section *992 39.111(7)(d), the transcript must contain the requisite findings of fact and reasons for the decision to impose adult sanctions. Stanley v. State, 582 So.2d 140 (Fla. 5th DCA 1991).
We also note that neither the PDR nor the PSI specifically addresses the second statutory criterion for imposition of adult sanctions. But more importantly, “[m]ere reference to the reports does not satisfy sections 39.111(7)(c) and (d).” Martin v. State, 547 So.2d at 1000.
We have considered the case of Bradley v. State, 559 So.2d 283 (Fla. 4th DCA 1990) upon which the state relies. Bradley apparently stands for the proposition that the trial court is not required to make findings of fact which address each of the six statutory criteria, but the record must reflect that the trial court considered those six factors at the time of sentencing. In the instant case, nothing in the record reflects that the second statutory factor was considered by the trial court, and this factor is the one omitted from the written order. The failure to make factual findings on the record regarding each and every one of the six statutory criteria is reversible error. Moreover, to the extent that Bradley conflicts with our decision in Posey and its progeny, we decline to follow Bradley.
Because we find that the trial court failed to fully comply with section 39.-111(7), we vacate appellant’s sentence and remand for resentencing. Upon remand, the court must consider each of the six criteria listed in section 39.111(7)(c) (now section 39.059(7)(c), Florida Statutes (1991)), and reduce its decision to writing. Specific findings of fact as to each of the six statutory criteria and the reasons for imposing adult sanctions must be contained in the written order or in the transcript of the sentencing hearing.
In Surrency, we made the following, applicable suggestion:
It is suggested that the written factual findings be numbered and organized in the same manner as the statute.... The statute thereby may serve as a checklist for the form on which the findings are written to ensure compliance.
Surrency, 585 So.2d at 465.
Judgments AFFIRMED; sentences VACATED; cause REMANDED.
GOSHORN, C.J., and W. SHARP, J., concur.

. Repealed and reenacted as of October 1, 1990 as section 39.059(7)(c), Florida Statutes (1991).