651 So.2d 706 (1995)
Jacob D. HANGEN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2210.
District Court of Appeal of Florida, Fifth District.
February 3, 1995.
Rehearing Denied March 14, 1995.
Jacob Daniel Hangen, Jasper, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robin Compton Jones, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
The defendant, Jacob Hangen, appeals the denial of his 3.800 motion. This motion stems from his nolo plea to the charges of aggravated battery and battery in St. Johns County in May 1992. In return, three other counts were waived. He received a 12-year sentence. Hangen contests the fact that he was sentenced as an adult. Hangen claims the trial judge did not make the necessary *707 findings that he be sentenced as an adult. The trial judge doesn't dispute that he did not make the findings but says he doesn't have to because in a previous case in Duval County in March 1991 Hangen was found to be an adult. The judge attached a copy of the Duval County order declaring him an adult for all future proceedings. The trial court is correct.
It is true that usually before a juvenile can be sentenced as an adult the trial court has to determine if adult sanctions are suitable by considering each of the criteria set forth in section 39.059(7)(c), Florida Statutes. Further, while recently changed by statute, the law which existed at the time Hangen was treated as an adult required specifics:
"In so doing, the trial court must give an individualized evaluation of how a particular juvenile fits within the criteria. Mere conclusory language that tracks the statutory criteria is insufficient. Jackson v. State, 588 So.2d 1085 (Fla. 5th DCA 1991); Youngblood v. State, 560 So.2d 409 (Fla. 5th DCA 1990); Ervin v. State, 561 So.2d 423 (Fla. 3d DCA 1990)."
McCoy v. State, 632 So.2d 181, 182 (Fla. 5th DCA 1994), quoting Troutman v. State, 630 So.2d 528, 531 (Fla. 1993); and citing Kelly v. State, 605 So.2d 990 (Fla. 5th DCA 1992); and Tighe v. State, 571 So.2d 83 (Fla. 5th DCA 1990).
Although that was the law in effect at the time, this line of case law still does not apply to Hangen's circumstances. Section 39.022(5)(d), Florida Statutes, states:
Once a child has been transferred for criminal prosecution pursuant to a voluntary or an involuntary waiver hearing or information and has been found to have committed the offense for which he is transferred or a lesser included offense, the child shall thereafter be handled in every respect as if he were an adult for any subsequent violation of Florida law, unless the court, pursuant to this paragraph, imposes juvenile sanctions under s. 39.059(6).[1]
According to the Duval County Circuit Court order, Hangen was found to have committed the offense of aggravated assault. Therefore, the St. Johns County Circuit Court was right in treating Hangen as an adult for this subsequent violation.
AFFIRMED.
DAUKSCH, COBB and PETERSON, JJ., concur.
NOTES
[1] As part of the overall re-working of the juvenile justice system, both §§ 39.022, and 39.059, Florida Statutes, have since been amended. The amended versions took effect October 1, 1994. The provision of § 39.022 above is now found  in slightly different language  under § 39.0587(1)(e)(4). Under the amended § 39.059: "Any decision to impose adult sanctions must be in writing, but is presumed appropriate, and the court is not required to set forth specific findings or enumerate the criteria in the subsection as any basis for its decision to impose adult sanctions." § 39.059(7)(d), Fla. Stat.; see Shaw v. State, 645 So.2d 68 (Fla. 4th DCA 1994).