# Third District Court of Appeal

## State of Florida

Opinion filed November 30, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2278
Lower Tribunal No. F89-47305B
_____

**George Calvin Delancy,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

George Calvin Delancy, in proper person.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before EMAS, SCALES and GORDO, JJ.

PER CURIAM.

Affirmed.  See Carter v. State, 786 So. 2d 1173, 1181 (Fla. 2001) ("[A] sentence is 'illegal' if it imposes 'a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances.'" (quoting Blakley v. State, 746 So. 2d 1182, 1187 (Fla. 4th DCA 1999))); Taylor v. State, 573 So. 2d 173, 174 (Fla. 5th DCA 1991) ("Pursuant to section 784.07, Florida Statutes (1988 Supp.), the attempted murder of a law enforcement official is a life felony, punishable as provided in section 775.0825 of the Florida Statutes (1987).  Section 775.0825 exempts convictions for the attempted murder of a law enforcement officer from the sentencing guidelines and imposes a mandatory minimum sentence of twenty-five years."); Newton v. State, 603 So. 2d 558, 560 (Fla. 4th DCA 1992) (upholding a life sentence with a minimum mandatory twenty-five-year sentence for the attempted murder of a law enforcement officer); State v. Barnum, 921 So. 2d 513, 528 (Fla. 2005) (finding the Florida Supreme Court's holding in Thompson v. State, 695 So. 2d 691, 693 (Fla. 1997) that a jury must find the defendant had knowledge of the victim's status as an law enforcement officer "is not retroactive").