482 So.2d 594 (1986)
Anthony Wayne GOODLING, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1768.
District Court of Appeal of Florida, Fourth District.
February 7, 1986.
*595 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Noel A. Pelella, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This appeal tests the propriety of two conditions of probation which were imposed after the trial court had determined that an indigent defendant should repay $5,365.90 as restitution during an eleven-year period of probation. The first condition mandated that restitution be made "in an amount and at a rate as determined by the probation officer." The second condition required the defendant to repay the public defender for her services. In imposing this condition, the court stated, "[The public defender] will furnish a statement as to those costs." Both conditions are impermissible and, accordingly, we reverse.
A trial court may not delegate its responsibility to determine a defendant's ability to pay restitution. The rationale for this limitation was articulated in Ballance v. State, 447 So.2d 974 (Fla. 1st DCA 1984), where the court stated:
We must ... reverse that portion of the trial court's order requiring the defendant to comply with a payment schedule to be formulated by the probation officer based upon the latter's future determination of the defendant's ability to pay all or a part of the restitution amount set by the court. At the restitution hearing, the court determined that the defendant did not have the present ability to pay any of the restitution amount ordered. There was nothing wrong with the court's keeping the defendant "on the hook," so to speak, for payment of the restitution at some appropriate period during the term of his probation depending upon his ability to pay. However, just as the determination of the amount of restitution is a non-delegable judicial responsibility, so also is the determination of the defendant's ability to pay.
Id. at 976 (citations omitted).
Turning next to the condition which requires repayment of an unspecified sum for the public defender's services, it is now clear that due process requires a hearing, with the opportunity to object, before the court may require the repayment of such fees. See Jenkins v. State, 444 So.2d 947 (Fla. 1984).
Accordingly, the cause is remanded to the trial court with instructions to vacate the two conditions of probation in question and to take such further actions as may be consistent with this opinion.
REVERSED and REMANDED.
HERSEY, C.J., and ANSTEAD and HURLEY, JJ., concur.