DAUKSCH, Judge.
This is an appeal from an order in a juvenile delinquency case.
In an order entitled “Community Control Order” the court found a child to be delinquent and released him to the custody of his parent or legal custodian “under the supervision of the Counselor of this Court” for an “Indeterminate Length of Time.” The court then listed various things the child must do after release to the custody of his parent or legal custodian.
In another paragraph of the order the judge required:
(10) That the Department of Health and Rehabilitative Services, Gainesville, Florida is Court-Ordered to pay restitution to the Clerk of the Circuit Court in the amount of $2,500.00. This amount is to be paid in full withing [sic] sixty (60) days from the date of this Order. The money is to be disbursed to:
(A) Mary Razzano, c/o Attorney, Jason E. Pearl, 19 South High Street, PO Box 183, New Britain, Connecticut. $333.33
(B) INA Insurance Company, PO Box 4338, Winter Park, Florida. Claim Number 660P5622992. (Mr. Richard Wright, Adjustor).$2166.67
This order was entered against HRS without giving HRS notice or an opportunity to be heard. For that reason it is not a lawful order. This order was also made without any statutory authority therefor. For that reason also it is not a lawful order. In the event the trial judge thought he had authority to order HRS to pay restitution because the child was in the custody of HRS at the time of the delinquent act, then we point out that the only statutory provision which requires anyone to pay restitution on account of a child’s misbehavior is section 39.11(1)(g), Florida Statutes (1985), and that only pertains to parents.
No appeal by the child of any other portion of the order is before us so we reverse only paragraph ten of the appealed order.
REVERSED IN PART.
COBB and SHARP, JJ., concur.