520 So.2d 705 (1988)
Jorge L. LEYBA, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1367.
District Court of Appeal of Florida, Fifth District.
March 3, 1988.
*706 James B. Gibson, Public Defender, and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a sentence in a burglary case. The mandatory minimum sentence is applicable in a case where the defendant arms himself after committing a burglary. Williams v. State, 517 So.2d 681 (Fla. 1988), disapproving State v. Pilcher, 443 So.2d 366 (Fla. 5th DCA 1983).
The sentencing judge ordered appellant to make restitution without first determining his ability to do so as required by Section 775.089(6), Florida Statutes (1985). See Pettway v. State, 502 So.2d 1353 (Fla. 2d DCA 1987); Gaskins v. State, 502 So.2d 1344 (Fla. 1st DCA 1987); Turner v. State, 431 So.2d 1017 (Fla. 4th DCA), dismissed 436 So.2d 101 (Fla. 1983). That portion of the sentence is vacated. We remand for a hearing to determine whether restitution is permitted under the statute. Because this portion of the sentence is vacated and a ramand is necessary we also vacate the portion of the sentence which requires the payment of court costs, even though no objection below was made, because it is clear that portion of the sentence may be affected by appellant's alleged indigency.
SENTENCE VACATED IN PART; REMANDED.
COWART and DANIEL, JJ., concur.