530 So.2d 460 (1988)
Roy Lee SINGLETARY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1856.
District Court of Appeal of Florida, Fifth District.
September 1, 1988.
*461 James B. Gibson, Public Defender and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
We strike the requirement that defendant make restitution of $1828.60 to the Department of Labor and Employment Security which appeared in the written probation order but which was not imposed at sentencing, and which the state concedes should be stricken. We vacate the imposition of costs which were assessed without notice or an opportunity to object. Harriel v. State, 520 So.2d 271 (Fla. 1988); Mays v. State, 519 So.2d 618 (Fla. 1988); Jenkins v. State, 444 So.2d 947 (Fla. 1984); Morgan v. State, 527 So.2d 968 (Fla. 5th DCA 1988). We also vacate that portion of the probation order requiring defendant to make restitution of $238 and imposing a public defender's lien of $400, because defendant was entitled to a hearing on the amount of restitution to be ordered and on his financial resources and ability to pay prior to imposing the restitution requirement, Leyba v. State, 520 So.2d 705 (Fla. 5th DCA 1988), and prior to the imposition of the public defender's lien, Goodling v. State, 482 So.2d 594 (Fla. 4th DCA 1986). On remand and after proper notice, the court may reconsider restitution (except for the stricken $1828.60), the imposition of costs and the public defender's lien.
REMANDED.
DAUKSCH and DANIEL, JJ., concur.