556 So.2d 527 (1990)
John ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-603.
District Court of Appeal of Florida, Fifth District.
February 8, 1990.
*528 James B. Gibson, Public Defender, and Kathryn Rollison Radtke, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Anderson, contends that the trial court erred by imposing upon him a public defender's fee as a condition of probation without notice and the opportunity to be heard, and without making any determination of his ability to pay.
Anderson is correct in regard to his first contention  a defendant's execution of an affidavit of insolvency at arraignment is not a waiver of notice and the opportunity to contest the amount of the lien imposed for his attorney's fee. See Bull v. State, 548 So.2d 1103 (Fla. 1989); Fla.R.Crim.P. 3.720(d)(1). In Bull, the Florida Supreme Court affirmed the trial court's imposition of such a lien because, at sentencing, the court specifically gave the defendant thirty days in which to challenge the amount of the lien. Therefore, the failure of Bull to either object or request a hearing constituted a valid waiver. In the instant case, there was no such specific opportunity afforded by the trial court at sentencing.
Anderson's second point  that it was incumbent upon the trial court to consider his ability to pay before imposition of a public defender's lien  is clearly incorrect. This argument confuses the distinction between imposition of such a lien and its enforcement.[1] It is only in the latter instance that due process requires a judicial determination of the defendant's ability to pay in accordance with the principles enunciated in Fuller v. Oregon, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974). See also Jenkins v. State, 444 So.2d 947 (Fla. 1984). Moreover, the imposition of an attorney fee should not be confused with orders of restitution, which do require prior consideration of ability to pay. See Leyba v. State, 520 So.2d 705 (Fla. 5th DCA 1988); § 775.089(6), Fla. Stat. (1987).
Accordingly, we reverse the imposition of the attorney fee below and remand for a noticed hearing thereon to afford the defendant the opportunity to contest the amount of that fee.
REVERSED.
PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] There is dictum in our prior opinion of Singletary v. State, 530 So.2d 460 (Fla. 5th DCA 1988), which contributes to this confusion by erroneously citing to Goodling v. State, 482 So.2d 594 (Fla. 4th DCA 1986), for the proposition that consideration of a defendant's ability to pay should be heard prior to imposition (as opposed to enforcement) of a public defender's lien.