COWART, Judge.
In Orange County, Florida, the defendant, after entering a nolo contendere plea to a charge of motor vehicle theft, was released on his recognizance on condition that he participate in a particular program.[1] The defendant absconded from the required program and the court revoked the defendant’s pretrial release. Thereafter the defendant was charged in Lake County with motor vehicle theft and that case was transferred to Orange County, apparently so the defendant could be sentenced at one time in Orange County on both charges. The defendant was adjudicated guilty on both offenses and a single scoresheet was prepared which, after correction, indicated 54 points and a recommended sentence of up to 30 months incarceration. The trial court entered a departure sentence of 36 months (3 years) imprisonment and gave the following reason:
While released on recognizance in this case, the Defendant committed another motor vehicle grand theft which was not scored or factored into the present score-sheet and which he also pled to.
The defendant appeals his departure sentence.
The Lake County motor vehicle theft was scored as an additional offense at conviction and was for that reason alone, not a reason for entering a departure sentence on the Orange County motor vehicle theft offense. Hendrix v. State, 475 So.2d 1218 (Fla.1985). While not controlling, as a matter of fact, the defendant was not “released on recognizance” when he committed the Lake County motor vehicle theft. Defendant’s Orange County release status was revoked on August 19, 1988; the Lake County motor vehicle theft occurred on September 3, 1988. Even if the defendant had been on pretrial release at the time he committed the Lake County motor vehicle theft, that fact would not justify a departure sentence because the defendant’s legal status at time of offense is a factor considered in paragraph IV of the guidelines scoresheet and that status as defined in Florida Rule of Criminal Procedure 3.701 d.6. does not include the status of one on simple (unbonded) pretrial release. If the violation of the status of pretrial release is not worthy of being scored as a sentencing factor, it would not appear to be a clear and convincing reason for disregarding all sentencing factors and imposing a departure sentence.
Rather than vacating the departure sentence and remanding for resentencing within the guidelines with all of the attendant *96 problems,[2] we hereby reduce 'the defendant’s sentence in both cases (CR 88-2941 and CR 89-123) from 36 months to 30 months imprisonment. As so modified, the defendant’s sentence is
AFFIRMED.
DANIEL, C.J., and W. SHARP, J., concur.

. See Florida Rule of Criminal Procedure 3.131, pretrial release.

. Sentencing being a critical stage of prosecution, the defendant must be present. See Florida Rules of Criminal Procedure 3.180(a)(9) and 3.720.