561 So.2d 423 (1990)
Bernard ERVIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-629.
District Court of Appeal of Florida, Third District.
May 15, 1990.
*424 Bennett H. Brummer, Public Defender, and Robert Burke and Valerie Jones, Asst. Public Defenders, for appellant.
Robert A. Butterworth, Atty. Gen., and Jacqueline M. Valdespino, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and GODERICH, JJ.
PER CURIAM.
This is an appeal from an order sentencing the defendant as an adult and departing from the sentencing guidelines. We reverse on both points.
We first address the trial judge's determination that Ervin, a juvenile, be sentenced as an adult upon his conviction of attempted armed robbery and unlawful possession of a short-barreled shotgun. The trial court erred in the sentencing because it failed to make specific factual findings citing to the record, § 39.111(7)(c) and (d), Fla. Stat. (1987), which would support the conclusion that sentencing as an adult was appropriate. Instead, the order simply tracks the language of the statute and thus precludes effective appellate review of the sentence.
Accordingly, as to this issue, we reverse and remand for a determination as to whether the facts of this case as applied to the statutory criteria permit an adult sentence.
Ervin next complains, and we agree, that the trial court erred in departing from the sentencing guidelines. Two reasons were given for departure. The state correctly concedes that the first departure reason, i.e. that the defendant created an unreasonable risk of danger to the public, is not supported by the evidence.
The trial court's second reason for departure was that the defendant was out on bond on another offense when he committed the crimes for which he was convicted here. Citing to Brown v. State, 15 F.L.W. 111 (Fla. March 1, 1990), which held that a defendant's violation of specific conditions of his bail evidenced a disrespect for the law and the judiciary and constituted a valid reason for departure, the state argues that this reason given by the trial judge was valid. We disagree. There is no record support here for a finding that Ervin violated the conditions of "bail" or other pretrial release which would make Brown applicable. The offense for which Ervin was awaiting trial was being handled in the juvenile system. Ervin was not out on bond, but was free because he did not *425 meet the statutory criteria for detention under section 39.032, Florida Statutes (1987). Cf. Crook v. State, 559 So.2d 95 (Fla. 5th DCA 1990).
Accordingly, since neither reason for departure is valid, on remand Ervin must be sentenced within the guidelines, should the trial judge make factual findings that Ervin is suitable for sentencing as an adult. Shull v. Dugger, 515 So.2d 748 (Fla. 1987).
Reversed and remanded.