PER CURIAM.
Brinson appeals from his conviction and sentence for second degree murder and an order of restitution entered on the day of sentencing, requiring him to pay $1,570 as costs of the victim’s funeral, to the victim’s family. We affirm his conviction as having been obtained on the basis of sufficient evidence. However, the order of restitution cannot be sustained because the record fails to show that either Brinson or his attorney was given notice and an opportunity to be heard on the restitution order. See Anderson v. State, 556 So.2d 527 (Fla. 5th DCA 1990); Fitzpatrick v. State, 553 So.2d 396 (Fla. 5th DCA 1989); Singletary v. State, 530 So.2d 460 (Fla. 5th DCA 1988); In re D.J.P., 503 So.2d 986 (Fla. 5th DCA 1987).
Although the order of restitution recites it was entered pursuant to a motion made by the state, the motion is not in the record. Nor is any notice to Brinson and his attorney in the record. Further, the order recites it was entered after a hearing held the same day as the sentencing. However, there is no transcript of such a hearing in the record, and a review of the sentencing transcript reveals no mention of restitution was made there.
Accordingly, we quash the order of restitution and remand this cause for further proceedings, which may include notice and a subsequent hearing on restitution.
*477 AFFIRMED; order of restitution QUASHED; REMANDED.
SHARP, W., HARRIS and DIAMANTES, JJ., concur.