PER CURIAM.
In this case, Norman Mallard argues that the trial court erred by imposing restitution, over objection, without first determining Mallard’s ability to pay, as required by section 775.089(6), Florida Statutes (1991). We agree and reverse Mallard’s sentence and remand for resentencing with directions to the trial court to consider Mallard’s resources and ability to pay when determining whether to impose restitution. See Denmark v. State, 588 So.2d 324 (Fla. 4th DCA 1991); Green v. State, 571 So.2d 571 (Fla. 3d DCA 1990); Leyba v. State, 520 So.2d 705 (Fla. 5th DCA 1988). See also Anderson v. State, 556 So.2d 527 (Fla. 5th DCA 1990).
REVERSED and REMANDED for re-sentencing.
GOSHORN, C.J., and W. SHARP and GRIFFIN, JJ., concur.