PER CURIAM.
Charles Orange appeals from judgments of conviction and sentences for first degree murder, aggravated assault, attempted armed robbery, and firearm offenses. We affirm.
The trial court properly denied defendant’s motion for judgment of acquittal. There is abundant substantial competent evidence in the record that defendant was not acting alone against only one of the car’s occupants, but was, in fact, acting in concert with his codefendant against the driver and other passengers. Accordingly, we affirm the convictions. See Bryant v. State, 412 So.2d 347, 350 (Fla.1982) (felony murder rule and law of principles combine to make felon liable for acts of co-felon; “lethal act must be in furtherance or prosecution of the common design or unlawful act the parties set out to accomplish”).
*1034 In sentencing defendant as an adult, the trial court fully complied with the requirements of section 39.059(7), Florida Statutes (1991). Section 39.059(7) requires the sentencing court to make specific written findings that address each of the five criteria listed in the statute. The written findings must refer to the record, and cannot simply track the language of the statute. Ervin v. State, 561 So.2d 423 (Fla. 3d DCA 1990). However, section 39.-059(7) does not require that “certain specific language be used as to each of the factors to be considered.” McDaniels v. State, 583 So.2d 349, 351 (Fla. 4th DCA 1991). In this case, the trial court made specific written findings on each statutory criterion, and referred to the record evidence that supported each finding. Although the findings were brief, they were sufficiently complete and precise to comply with the statute. Moreover, the record reflects that the trial court considered the extensive evidence presented in the predisposition report. See McDaniels, 583 So.2d at 351 (“In order to sustain the sentencing of a juvenile as an adult, the record must reflect that the trial court considered each of the statutory criteria_”).
AFFIRMED.