632 So.2d 181 (1994)
Ronald B. McCoy, Appellant,
v.
STATE of Florida, Appellee.
No. 93-134.
District Court of Appeal of Florida, Fifth District.
February 11, 1994.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
Appellant, Ronald McCoy, timely appeals a sentence for armed robbery with a deadly weapon, false imprisonment and grand theft.
Appellant was charged by information with armed robbery with a firearm or deadly weapon, false imprisonment and grand theft. He entered a negotiated plea of nolo contendere to the offenses of armed robbery with a deadly weapon, false imprisonment and grand theft with the special stipulation that the trial court could depart from the sentencing guidelines and sentence him up to 10 *182 years without a written reason. The plea agreement provided that the offenses to which he pled were punishable by a maximum of life plus 10 years.
The issue at the sentencing hearing was whether appellant should be sentenced as a juvenile or as an adult. Appellant said that he was 18 years old but the prosecutor explained that he was 17 when he committed the instant offenses. Appellant's case manager, Mr. Witherspoon, recommended that appellant be placed under the supervision of the Department of Health and Rehabilitative Services. Witherspoon explained that appellant was on HRS community control at the time the offenses in this case occurred. He said that appellant had not benefited from the juvenile justice system because he had never been placed in any level of its commitment facilities, including the level 8 program, which is the highest. Witherspoon acknowledged that appellant would only be permitted to stay in the level 8 program for eleven more months until he was 19 years old. He also admitted that it was within the discretion of the departmental officials as to whether he could remain in the program until he attained age 19.
At the conclusion of the hearing, the trial court said that it was going to treat appellant as an adult because "everything considered," juvenile sanctions were insufficient to correct his behavior. Following the hearing, the court adjudicated appellant guilty of the crimes to which he had pled and sentenced him to a term of 7 years followed by 15 years probation for the robbery offense, a concurrent term of 5 years for the false imprisonment offense and a term of 5 years for the grand theft offense, to be served concurrently with the sentence for the robbery offense. He was additionally ordered to pay the victim restitution in the amount of $4,506.42 at the rate of $50 per week.
Appellant contends on appeal that the trial court's reasons for sentencing him as an adult rather than as a juvenile do not comply with section 39.059(7)(c), Florida Statutes (1991). We agree. Section 39.059(7)(c) requires the trial court to consider six criteria when determining the suitability or nonsuitability of adult sanctions. In Troutman v. State, 630 So.2d 528 (Fla. 1993), the supreme court recently reiterated that the trial court is required to consider each of the criteria set forth in section 39.059(7)(c), Florida Statutes (1991) before considering the suitability of adult sanctions. Relying in part upon two decisions from this court, the court reiterated that:
In so doing, the trial court must give an individualized evaluation of how a particular juvenile fits within the criteria. Mere conclusory language that tracks the statutory criteria is insufficient. Jackson v. State, 588 So.2d 1085 (Fla. 5th DCA 1991); Youngblood v. State, 560 So.2d 409 (Fla. 5th DCA 1990); Ervin v. State, 561 So.2d 423 (Fla. 3d DCA 1990).
Id. 630 So.2d at 531. See also Kelly v. State, 605 So.2d 990 (Fla. 5th DCA 1992); Tighe v. State, 571 So.2d 83 (Fla. 5th DCA 1990).
The trial court's reasons for sentencing appellant as an adult in this case do not comport with section 39.059(7)(c) because the court did not give an "individualized evaluation" of how appellant fit within the criteria. Rather, it merely provided conclusory language tracking the statutory criteria. The criteria pertaining to appellant's prior record is the only instance in which the court expounded upon the statutory language by reasoning that appellant's prior record showed a "complete lack of respect of others' safety and property rights." The statute and the trial court's reasons for sentencing appellant as an adult rather than as a juvenile are set forth as follows:

 Statutory Criteria Court's Reasons
 1. The seriousness of the offense 1. The offenses which were committed
 to the community and whether the by the Defendant are of a very serious
 protections of the community requires nature from which the public needs
 adult disposition. protection and adult sanctions will
 achieve this goal.

*183
 2. Whether of offense was committed 2. The offenses were planned,
 in an aggressive, violent, premeditated and willful in nature.
 premeditated, or willful manner.
 3. Whether the offense was against 3. The offenses were committed
 persons or against property, greater against a person of the community.
 weight being given to offenses
 against persons, especially if
 personal injury resulted.
 4. The sophistication and maturity 4. The attitude of the child
 of the child. demonstrates to the Court that, while
 in years he is a juvenile, in acts, he
 is an adult.
 5. The record and previous history 5. The Defendant has a previous
 of the child, including: history of burglary, throwing a deadly
 missile into an occupied dewlling
 [sic], criminal mischief, grand theft,
 and battery, indicating to this Court,
 in view of this offense, his complete
 lack of respect of others' safety and
 property rights.
 a. Previous contacts with the The Defendant's previous juvenile
 department, the Department of record is as follows:
 Corrections, other law enforcement
 agencies, and courts; 07/23/86 Burglary/HRS Comm. Control
 04/19/88 Throw deadly
 b. Prior periods of probation or missile/occupied; Criminal
 community control; Mischief/JASP 01/06/92 Burglary; Grand
 Theft/Nol Prossed 01/17/92 Burglary;
 c. Prior adjudications that the Grand Theft (4 counts)/HRS Comm.
 child committed a delinquent act or Control 04/03/92 Battery/Nol Prossed
 violation of law; and 04/14/92 Battery/Dismissed
 d. Prior commitments to
 institutions.
 6. The prospects for adequate 6. Our present juvenile sanctions
 protection of the public and the do not suggest or otherwise indicate
 likelihood of reasonable to this Court that the public could be
 rehabilitation of the child if adequately protected by imposing such
 he is assigned to services and sanctions upon the Defendant.
 facilities for delinquent children. Reasonable likelihood of
 rehabilitation can only be fostered by
 the imposition of adult sanctions.

In Troutman the supreme court remanded the appellant's case to the trial court for proceedings in accordance with its opinion. It noted that the trial court could still sentence him as an adult provided it strictly applied the statutory criteria. In a footnote, it rejected the suggestion that the trial court should be instructed on remand to sentence the appellant as a juvenile as in cases where a trial court's reasons for departure are initially invalid. See Pope v. State, 561 So.2d 554 (Fla. 1990). The court explained that its concern in Pope that the trial court would on remand search for reasons to justify a departure sentence when the trial court's initial reasons for departure had been reversed were not present in its case. Because trial courts are limited to a consideration of evaluating specific statutory criteria in sentencing juveniles as adults, the court found that sentencing judges do not have the opportunity to search for new reasons to sentence a juvenile as an adult when its original reasons are deemed invalid. On remand the trial court in this case is therefore permitted to sentence appellant as an adult or as a juvenile.
Appellant in this case also correctly contends that the trial court erred by imposing restitution without first considering his financial resources and his ability to pay. See § 775.089(6), Florida Statutes (1991); Mallard v. State, 609 So.2d 178 (Fla. 5th DCA 1992); Denmark v. State, 588 So.2d 324 (Fla. 4th DCA 1991); Green v. State, 571 So.2d 571 (Fla. 3d DCA 1990); Singletary v. State, 530 So.2d 460 (Fla. 5th DCA 1988); Leyba v. State, 520 So.2d 705 (Fla. 5th DCA 1988). See also Anderson v. State, 556 So.2d 527 (Fla. 5th DCA 1990). Appellee additionally failed to provide any evidence of the victim's damages at the hearing. See Green.
Based on the foregoing appellant's sentence is reversed and remanded to the trial *184 court for resentencing with instructions that if he is to be sentenced as an adult, the trial court should provide an individualized evaluation of how he fits within the statutory criteria of section 39.059(7)(c), Florida Statutes (1991). The court should also be instructed to consider his financial resources and ability to pay restitution and evidence of the victim's damages.
SENTENCE VACATED and REMANDED.
PETERSON, J., concurs specially with opinion.
GOSHORN, J., dissents with opinion.
PETERSON, Judge, concurring.
I must concur with Judge Dauksch because of the supreme court decision in Troutman v. State, 630 So.2d 528 (Fla. 1993). However, if Troutman and its predecessors did not place such a strict burden upon trial judges, I would be inclined to affirm because of harmless error. Section 39.059(7)(c), Florida Statutes (1991), which requires a trial judge to support adult sentencing with specific findings, places form over substance in the instant case. The record demonstrates that the trial court seriously considered the statutory factors. It examined the child's family life, school experiences, and the mother's and defendant's testimony in reaching its decision. Thus, the record clearly supports incarceration for this defendant.
Eight days prior to his 18th birthday and with an escalating record as a juvenile offender, the defendant approached the victim, an insurance salesman who was a frequent visitor to the defendant's neighborhood, pointed a revolver at him, entered the victim's automobile and instructed the victim to drive away. At some point the defendant became the driver, but would not allow the victim to exit the auto. When the defendant slowed the auto, the victim escaped by opening the door and leaping out. Moments afterwards, the defendant totally wrecked the victim's car and escaped with $260 in cash.
The record supports the trial court's ultimate decision to impose adult penalties. More detailed findings by the trial court would not have helped appellate review since upon review, the record must still be examined to determine whether the facts, in light of the six elements of section 39.059(7)(c), Florida Statutes, support the ultimate decision. The record clearly reveals the sentencing problems the judge encountered while considering the appropriate penalty for the defendant. The defendant was an adult by the time of sentencing and, if sentenced as a juvenile, he would only experience a penalty until his 19th birthday.
The trial judge's focus on attempting to comply with the statutory criteria may have contributed to the complete disregard of the mandatory provision of section 775.087(2)(a), Florida Statutes, that requires the defendant to serve a three year minimum mandatory sentence for robbery with a firearm. Inexplicably, the state did not appeal that error.
GOSHORN, Judge, dissenting.
I respectfully dissent. In my view, the findings of the trial judge are sufficiently specific and individualized to meet the requirements of Troutman v. State, 630 So.2d 528 (Fla. 1993). Indeed, it is difficult for me to envision how most of the reasons could be any more individualized to this appellant, his record of offenses committed as a juvenile, and the circumstances of the crime for which he was sentenced. I would affirm.