FULMER, Judge.
The defendant, Alberto Aguirre, appeals his judgments and sentences for first degree burglary while armed, grand theft, and grand theft of a firearm.[1] We find merit only in his contention that the trial court failed to comply with the strict standard set forth in Troutman v. State, 680 So.2d 528, 531 (Fla. 1993). Because Troutman requires that the trial court give an individualized evaluation of how the defendant fits within the criteria of section 39.059(7)(e), Florida Statutes (1993), before imposing an adult sentence, we are compelled to remand for resentencing. Comparing the oral and written reasons given in Troutman with those given by the trial court here, we conclude that the reasons given here are equally conclusory and merely track the language of the statutory criteria. See, e.g., McCoy v. State, 632 So.2d 181 (Fla. 5th DCA 1994). Moreover, the written findings were issued seven days after sentencing.
Accordingly, we affirm the convictions but reverse and remand for resentencing. On remand, the trial court may again sentence the defendant as an adult provided that it strictly complies with section 39.059(7)(e). See Troutman, 630 So.2d 528.
Reversed and remanded.
DANAHY, A.C.J., and SCHOONOVER, J., concur.

. §§ 810.02 and 812.014(2)(c)l and 3, Fla.Stat. (1991).