PER CURIAM.
This is the second appeal in this case. In the previous appeal, we reversed and remanded for compliance with the dictates of Troutman v. State, 680 So.2d 528 (Fla.1993), in the sentencing court’s decision to impose adult sanctions. Aguirre v. State, 661 So.2d 29 (Fla. 2d DCA 1994). The appellant now brings his sentencing as an adult before us again complaining that the sentencing court did not comply with either our mandate or Troutman. We disagree. The order imposing adult sanctions is sufficiently particularized and contemporaneous to comport with Troutman and the previous mandate.
We do note, however, that the sentencing court erred in one respect. The written order of probation contains a condition that the appellant pay for substance abuse testing and evaluation. This condition was not announced at the sentencing hearing. The requirement that the appellant pay for this testing renders it a special condition that must be announced at the sentencing hearing. Luby v. State, 648 So.2d 308 (Fla. 2d DCA 1995). There is no error in the imposition of the other conditions of probation of which the appellant complains. State v. Hart, 668 So.2d 589 (Fla.1996).
We strike the offending portion of condition 12 and otherwise affirm the judgment and sentences.
DANAHY, A.C.J., and FULMER and WHATLEY, JJ., concur.